FLORENCE V. LANSING *v.* CYRUS T. GREEN, WAI-
AKEA MILL COMPANY AND NELSON B. LAN-
SING.

## No. 1469.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JUNE 22, 1923.                    DECIDED JULY 23, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

EVIDENCE—*foreclosure of mortgage—findings.*

Upon the evidence, certain findings of fact made by the trial
court in a decree of foreclosure of a mortgage are amended.

OPINION OF THE COURT BY PERRY, J.

This is an appeal from a decree of foreclosure of a
mortgage given by the respondent to the complainant to
secure repayment of an indebtedness of $1500. The mort-
gage contained the provision, *inter alia,* that "if the said
mortgagee, her heirs, executors, administrators and as-
signs shall make any other or further advances to the
mortgagor, his heirs, executors, administrators and as-
signs * * * said advances, of the amount of which the
books of the mortgagee shall be prima facie evidence,
shall be secured as an additional charge against all of
the property hereby mortgaged." Further advances were
made by the mortgagee to the mortgagor from time to
time and a payment on account of the total indebtedness
was made by the mortgagor to the mortgagee in the sum
of $1092.70. Certain counter-claims were presented by
the mortgagor. After hearing, the court below found the
net indebtedness due the complainant to be the sum of
$810.74 and granted foreclosure. The decree provided for
the recovery by the petitioner of the following items:

$30 for moving certain sanitary fixtures from the upper to the lower part of the dwelling-house upon the mort- gaged premises; $21.53 for cost of erection of coops for chickens and rabbits, upon the mortgaged premises; $54.50 for clearing and leveling the ground in the neigh- borhood of the dwelling; and $10.80 for the purchase of a horn and gasoline for the respondent's truck. A claim by the respondent for rental of the lower part of the house for fifteen months at $5 per month was disallowed. The only questions argued upon this appeal relate to the correctness of the rulings upon these five items.

A brief history of the case is necessary to an under- standing of the questions involved. The petitioner and the respondent were applicants for a homestead lot in the district of Hilo, Hawaii. In the drawing for lots, the respondent was successful and the petitioner was not. Thereupon the two entered into an agreement whereby the petitioner was to furnish all moneys needed for the pur- chase and improvement of the homestead lot and the respondent was to secure to the petitioner the option or refusal, during a term of years stated, to purchase from the respondent, in so far as the law might permit him to do so, all of the respondent's equity or right in the prop- erty "at as low a price as the same is offered or to be offered to any other person or persons." Upon respond- ent's taking possession of the homestead lot, a dwelling- house was erected thereon, with moneys loaned by the petitioner. This building stood at one end about 6½ feet above the ground and at the other end about 8 feet above the ground. The upper portion of the building was fin- ished first and the petitioner and her family at once entered into the occupancy of it. The lower portion remained unfinished for a long period of time.

To secure prior advances made by the petitioner to the respondent, as well as to secure any future advances,

as above noted, the mortgage now in suit was given. It was agreed by the parties that the petitioner would not charge interest upon the amount loaned and that the respondent would not charge the petitioner for the use of the upper part of the house. It was also the understanding between them that the respondent would have the use of the lower part of the house for the storage of his truck and as his own place of abode. From about August to October, 1920, a concrete floor was placed in the lower part of the house, certain sanitary fixtures were moved down-stairs and the lower portion of the house was in other respects completed. Thereupon, in October, 1920, the petitioner occupied the whole building and remained in such occupancy for a period of seven months thereafter. Shortly after the completion of the upper part of the house, the respondent mentioned to the petitioner his desire to make use of the lower portion but was told that it was needed by the petitioner for certain purposes then stated.

The cost of moving the fixtures down-stairs was $50. At the trial the petitioner waived claim to $20 of this amount and the court allowed in the account the remaining $30 in favor of the petitioner. The respondent assented to these changes and in the settlement of the account at the trial below asked for and was allowed by the court rental of $15 a month for the lower part of the house for the seven months commencing with October, 1920. It was the moving of these fixtures which in part tended to make the lower portion of the building habitable and worth the rental secured from it by the respondent in the decree. The item was correctly allowed in favor of the petitioner.

Concerning the expenditure of $21.53 for rabbit and chicken coops, we cannot find from the record that there were any circumstances showing that this could be

properly regarded as an advance to the respondent by the petitioner. The moneys were not expended for the permanent improvement of the property and were not in any way for the advantage or benefit of the respondent. Neither directly nor by implication was there any request or authorization by the respondent for the expenditure.

The item of $54.50 was correctly allowed to the petitioner for the clearing and leveling of the land. This was a permanent improvement of the property and was assented to by the respondent. It tended to enhance the value of his property.

So also the item of $10.80 was correctly allowed. The horn was necessary for the lawful use of the truck and the truck and the gasoline were used in the hauling of the materials for the concrete floor placed in the lower part of the house. This floor, like the fixtures above mentioned, tended to make the lower part of the building habitable and productive of rent.

Prior to October, 1920, the lower part of the house was fit for but little use. Nevertheless, the petitioner had the use of it for fifteen months preceding October, 1920. On the other hand, it is to be noted that the petitioner at her own expense furnished storage for respondent's truck for five months in that period of fifteen months. While the evidence on this subject is meagre, we think that the respondent should be allowed the sum of $60 for the use of the lower portion of the house during the period of fifteen months.

A total deduction, therefore, of $81.53 should be made in the amount to be recovered by the petitioner from the respondent. The decree appealed from is reversed and the cause is remanded to the circuit judge with directions to enter an amended decree in conformity with this opinion and for such further proceedings as may be necessary or proper.

*E. H. Beebe* (*Thompson, Cathcart & Ulrich* on the brief) for petitioner.

*C. F. Clemons* (also on the briefs) for respondent Green.