GEORGE AUGUSTUS POWERS and MACEL WELCOME POWERS, Plaintiffs-Appellees, *v.* WILLIAM S. ELLIS, JR., Trustee in Dissolution for Kula Development Corporation, et al., Defendants, and HOWARD S. WHITNEY and EDITH G. WHITNEY, Defendants-Appellants.

NO. 5580

MARCH 29, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI and OGATA, JJ., and CIRCUIT JUDGE HAWKINS
assigned by reason of vacancy

OPINION OF THE COURT BY LEVINSON, J.

The plaintiffs-appellees move to dismiss the appeal of the defendants-appellants Howard S. Whitney and Edith G. Whitney in this mortgage foreclosure action. The trial court entered a decree of foreclosure on August 28, 1973, and an order of sale of the mortgaged property on August 30, 1973. The appellants, assignees of lienors who are admittedly junior to the plaintiffs, brought a "Motion for Summary Judgment and to Amend Decree and Order of Sale" on September 7, 1973. This motion the trial court denied on November 7, 1973. Twelve days later, on November 19, 1973, the appellants filed notice of the present appeal from (1) the decree of foreclosure, (2) the order of sale, and (3) the order denying their post-trial motion.

We consider at the outset whether any of the foregoing orders are final for the purpose of appellate review. In this connection, we have held squarely in the past that a decree of foreclosure is an appealable final order notwithstanding the necessity for a post-decree sale of the mortgaged property and a judicial proceeding to confirm the sale. "This is on the ground that such judgment finally determines the merits of the controversy, and subsequent proceedings are simply incidents to its enforcement." *MDG Supply, Inc. v. Diversified Investments, Inc.*, 51 Haw. 375, 380, 463 P.2d 525, 528

(1969), *reh. denied,* 51 Haw. 479, 463 P.2d 525 (1969), *cert. denied,* 400 U.S. 868 (1970). *Accord, Honolulu Athletic Park, Ltd. v. Lowry,* 22 Haw. 733, 736-37 (1915) (dicta);[1] *see* 9 J. MOORE, FEDERAL PRACTICE ¶ 110.08[1], at 118 & n.48 (2d ed. 1973). Similarly, a judgment which incorporates both a decree of foreclosure and an order of sale is treated as a single final order appealable as such. *MDG Supply, Inc. v. Diversified Investments, Inc., supra* at 380, 463 P.2d at 528.

In this case, however, the trial court bifurcated the decree of foreclosure and order of sale, entering the latter two days after the former. While it is clear that the appellants' appeal from the decree of foreclosure is from a final order,[2] *see id.,* it is not quite as clear whether they may likewise appeal from the subsequently entered order of sale. Generally, a post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions. *See* 9 J. MOORE, FEDERAL PRACTICE ¶ 110.14[1] (2d ed. 1973). Of course, to the extent that an order of sale merely implements matters contained in a decree of foreclosure there is no need to take a separate appeal from it, since any reversal of the

---

[1] Without discussing the issue, other Hawaii cases have treated the decree of foreclosure as final for purposes of appeal. *See, e.g.,* Lansing v. Green, 27 Haw. 258 (1923); Kipahulu Sugar Co. v. Nakila, 20 Haw. 620 (1911); H. Hackfeld & Co. v. Monsarrat, 18 Haw. 332 (1907); Cooper v. Island Realty Co., 16 Haw. 92 (1904). Compare Cooke Trust Co. v. Chinn Ho, 43 Haw. 243 (1959) (per curiam) (order of sale in partition proceeding held interlocutory).

[2] At oral argument, counsel for the plaintiffs contended that this appeal should be dismissed under Rule 54(b) of the Hawaii Rules of Civil Procedure on the ground that the decree of foreclosure and order of sale were entered "as to one or more but fewer than all of the claims or parties" in the action and therefore required a certification of finality by the trial court. In this connection, counsel pointed to the trial court's "Order for Separate Trials" filed on May 25, 1973, which severed the mortgagor's cross-claims against the other defendants in the case, including the appellants' assignors. The record shows, however, that the mortgagor's cross-claims against the appellants' assignors were dismissed by stipulation of the parties. In addition, it reveals that at a later date the mortgagor's cross-claims against all other co-defendants save two were similarly withdrawn by stipulation of the parties. Finally, the record shows that the mortgagor's last remaining cross-claim, against Paul C. Gillette and Martha T. Gillette, was rendered moot by satisfaction of the latters' judgment against the mortgagor and by release of the Gillettes' lien against the mortgaged property. It follows that there were no further cross-claims to be tried by the trial court under its order for separate trials, and hence that Rule 54(b) is inapplicable in determining the finality of the decree of foreclosure and order of sale.

decree of foreclosure would necessarily vitiate the order of sale. However, to the extent that an order of sale contains errors unique to it, such as an erroneous upset price for the mortgage property, an application of the final judgment rule which foreclosed review of it concurrently with the decree of foreclosure it implements would disserve the purposes behind the requirement of finality. As stated in *Catlin v. United States*, 324 U.S. 229, 233-34 (1945), the policy of the final judgment rule is "one against piecemeal litigation." In a mortgage foreclosure action, an appeal from a decree of foreclosure accompanied by the posting of a supersedeas bond forestalls sale of the property pursuant to an order entered by the trial court contemporaneously with or subsequent to the decree. In such a case, since the merits of the decree are subject to appellate scrutiny in any event, concurrent review of errors unique to the order of sale would tend to avoid a defective sale should the decree itself be affirmed, and hence to obviate the necessity for a second appeal from the final order confirming the sale. Such a procedure comports with the policies against piecemeal litigation and in favor of economizing judicial resources. Accordingly, where a trial court has entered first a decree of foreclosure and then an order of sale, we hold that a party's subsequent timely appeal from both the decree *and* the order properly subjects each to appellate scrutiny. In essence, the decree of foreclosure and order of sale implementing it constitute a single final order in such circumstances.[3]

---

[3] It should be emphasized that today's holding is limited in scope to a particularly narrow factual situation. For example, where a party appeals from a decree of foreclosure prior to the entry of an order of sale, a concurrent appeal from the latter is impossible. Since the trial court is divested of jurisdiction by the appeal from the decree, it is not empowered to proceed further with the case and enter an order of sale until the decree is reversed or affirmed by this court, assuming that the appealing party has filed a supersedeas bond. *Cf.*, MDG Supply, Inc. v. Diversified Inv. Inc., 51 Haw. 375, 381, 463 P.2d 525, 529 (1969). Furthermore, where a party seeks to appeal solely from an order of sale and not from the underlying decree of foreclosure, the policy of the final judgment rule would probably require dismissal of the appeal as interlocutory. This is because a later appeal from the order confirming the sale would allow the party to raise, in one appeal, issues relating to both the validity of the order of sale *and* the actual conduct of the sale. In practical effect, therefore, today's holding is limited to a situation where an order of sale is entered subsequent to a decree of foreclosure, and thereafter a party files an appeal which is

The appellants in this case, having appealed from both the decree of foreclosure and the order of sale, may, if that appeal was timely, advance arguments for reversal of both. Moreover, though the trial court's denial of the appellants' post-trial motion would not have been appealable by itself, it is nonetheless reviewable along with the decree of foreclosure and order of sale. That motion, though in part nominally for "summary judgment" against other defendants in the case, in substance sought the trial court to make an additional finding of fact that the appellants' liens were superior to all other claims on the mortgaged property save the claim of the plaintiffs. It also sought an additional finding setting forth the allegedly undisputed amount of the appellants' liens and their right to bid this amount by offset in the foreclosure sale. Finally, it requested the trial court to amend the decree of foreclosure and order of sale to conform to and implement the proposed new findings. As such, the appellants' motion arose under Rule 52(b) of the Hawaii Rules of Civil Procedure,[4] and hence suspended the finality of the decree of foreclosure and order of sale until the trial court entered an order denying it. 5A J. MOORE, FEDERAL PRACTICE ¶ 52.11[3], at 2759-60 (2d ed. 1974). This being so, the appellants' subsequent appeal from the decree of foreclosure and order of sale properly raised whatever error the trial court committed in denying the motion. *See Pioneer Mill Co. v. Ward,* 34 Haw. 686, 694 (1938); 9 J. MOORE, FEDERAL PRACTICE ¶ 203.18, at 757 (2d ed. 1973) ("An appeal from the final judgment draws in question all prior non-final orders and all rulings which produced the judgment").

This appeal from the decree of foreclosure and order of

timely as to both. Only in such circumstances will we treat the decree of foreclosure and order of sale as a single "final order" for purposes of appeal.

[4] Rule 52(b) provides:

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the circuit court an objection to such findings or has made a motion to amend them or a motion for judgment.

sale is therefore properly before us unless, as the plaintiffs argue, it is untimely under Rule 73(a) of the Hawaii Rules of Civil Procedure. Rule 73(a) provides, in part:

> An appeal permitted by law from a circuit court to the supreme court shall be taken by filing a notice of appeal with the circuit court within 30 days from the entry of the judgment appealed from . . . . The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules . . . . granting or denying a motion under Rule 52(b) to amend or make additional findings of fact . . . .

The appellants moved the trial court to make additional findings and to amend the decree of foreclosure and order of sale within ten days of the entry of each of these decisions. The motion was therefore timely under Rule 52(b). As a consequence, the time for appeal from the decree of foreclosure and order of sale was tolled until the entry of the order denying the appellants' motion on November 7, 1973. Since the notice of appeal was filed on November 19, 1973, well within the thirty-day limitation of Rule 73(a), this appeal is timely and the plaintiffs' motion to dismiss it must fail.[5]

The plaintiffs' motion is denied. The appellants shall file their opening brief not later than April 30, 1974.

*Edward A. Jaffe (Cades, Schutte, Fleming & Wright* of counsel) for plaintiffs-appellees for the motion.

*Helen B. Ryan (Ryan & Ryan* of counsel) for defendants-appellants Howard S. Whitney and Edith G. Whitney.

---

[5] Counsel for the appellants indicated at oral argument that a major basis for this appeal would be the refusal of the trial court to adjudicate the amount of their lien and authorize the appellants to bid this amount by offset at the sale of the mortgaged property. On what basis the trial court was required to make such determinations is unclear. However, in the interest of avoiding a confusion of issues in future proceedings on this appeal, we note parenthetically that any reliance on the mortgagor's cross-claims as even *presenting* the foregoing issues for the trial court's decision would be clearly misplaced in view of the record. *See* note 2 *supra.*