THOMAS J. JEZIERNY, Plaintiff-Appellee *v.*
CATHERINE L. BIGGINS, Defendant-Appellant

NO. 6083

MARCH 30, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR and KIDWELL, JJ.

*Per Curiam*. This action for divorce was initiated by the plaintiff (husband) in the family court, without counsel, alleging that the marriage is irretrievably broken. The defendant (wife) is named in the complaint by her maiden name. Defendant, without counsel, filed a written appearance and consent to hearing without her presence, and the matter came on for hearing before the family court with only the plaintiff present. The record does not disclose precisely what happened at this hearing, but the minutes state: "An Amended Complaint and Appearance and Waiver with respect to said Complaint will be filed by Plaintiff wherein caption will set forth Defendant's name as 'Catherine L. Jezierny'". Subsequently, by counsel, defendant filed written objections to the amendment of pleadings and moved for a hearing on her objections. A "Decision and Order" denying defendant's objections to amendment of the pleadings and dismissing her motion was filed by the court. Defendant filed a notice of appeal from this order.

Defendant-appellant's opening brief having been filed in this court, plaintiff-appellee advised the court that he does not intend to file an answering brief. The matter is before us on defendant-appellant's motion for advancement on the calendar.

It is clearly apparent that the appeal in this case is premature. As we said in *Naki v. Hawaiian Electric Co., Ltd.*, 50 Haw. 85, 86, 431 P.2d 943, 944 (1967):

> Filing notice of appeal more than thirty days after entry of final judgment is a jurisdictional defect and can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion, . . . . Similarly, filing a notice of appeal before final judgment is entered is a jurisdictional defect unless the appeal is an allowable interlocutory appeal, . . . .

In *State v. Dawson*, 54 Haw. 400, 507 P.2d 723 (1973), we dismissed an appeal taken after the court's oral decision but before the entry of the written judgment, upon noticing the defect in the course of preparing for argument on the appeal.

In this case, no step has been taken by the family court which even approximates a final judgment. Procedural orders which leave the cause still pending are ordinarily con-

sidered to be interlocutory. 9 MOORE'S FEDERAL PRACTICE (2d ed.) ¶ 110.08. An appeal from an interlocutory order may be taken only when allowed by the trial court. HRS § 641-1. Appeals from the family court are subject to these requirements. HRS § 580-1. No allowance of this appeal by the family court appears in the record.

The appeal is dismissed and this case is remanded for further proceedings in conformity with this opinion.

*Allan S. Haley* and *Evelyn B. Lance (Cronin, Fried, Sekiya, Haley & Kekina* of counsel) for the motion.