THOMAS J. JEZIERNY, Plaintiff-Appellee *v.* CATHERINE L. BIGGINS, Defendant-Appellant

NO. 6083

MAY 12, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR and KIDWELL, JJ.

*Per Curiam.* This appeal has been dismissed as premature, by our opinion filed March 30, 1976. Defendant-Appellant has moved to reinstate the appeal. Because of the confusion as to the status of the case evidenced by Appellant's motion, and in view of the fact that Plaintiff-

Appellee is not represented by counsel, we add these remarks to those contained in the decision dismissing the appeal.

Notwithstanding that Appellant describes this as an uncontested divorce proceeding, it is adversary in form and cannot be otherwise. Indeed, by withdrawing her "waiver of notice", Appellant has confirmed the adversary nature of the proceeding. In denying Appellant's objections to the amendment of the complaint to substitute her husband's surname for her maiden surname by which she is designated in the complaint, the family court left standing its refusal to grant the prayer of the complaint upon the uncontested hearing. However, Appellee has not sought to amend the complaint and the only action of the family court which could possibly be regarded as appealable is that refusal. The record does not disclose that Appellee is dissatisfied with the ruling upon his complaint. Thus Appellant presents us with the anomalous situation of a defendant appealing from the refusal of the court to enter a judgment against her as prayed in the complaint. As the successful party below, she has no standing to prosecute this appeal in order to obtain an advisory opinion on the reasons given by the family court for its ruling. *Public Service Commission v. Brashear Lines*, 306 U.S. 204 (1939).

HRS § 574-1, upon which the family court relied in its ruling upon Appellant's motion, has been amended to provide that a married woman may elect to use her maiden name as her surname, rather than that of her husband. Upon remand of this case, it will be for the family court to determine the effect to be given to this amendment.

The motion to reinstate this appeal is denied.

*Allan S. Haley (Cronin, Fried, Sekiya, Haley & Kekina* of counsel) for the motion.