INDEPENDENCE MORTGAGE TRUST, formerly known as USF Investors, Plaintiff-Appellee, *v.* GLENN CONSTRUCTION CORPORATION, a Hawaii Corporation, Defendant-Appellant

NO. 6396

FEBRUARY 22, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Plaintiff-appellee Independence Mortgage Trust has moved to dismiss the appeal by defendant Glenn Construction Corporation (hereinafter Glenn). The motion is based on two grounds: (1) that this court lacks jurisdiction of the appeal due to an untimely filing by Glenn of the notice of appeal, and (2), that even if there is jurisdiction, the court in the exercise of its discretion under HRCP Rule 73(a) should dismiss the appeal because of Glenn's flagrant disregard of the rules of court.

The motion to dismiss is granted, based on movant's second ground: Glenn's disregard of the rules of court. However, the first ground (Glenn's alleged late filing of the notice of appeal) presents an important procedural question worthy of clarification at this time.

It is well established that a timely filing of the notice of appeal is a prerequisite to this court's jurisdiction. *Naki v. Hawaiian Electric Company,* 50 Haw. 85, 431 P.2d 943 (1967). Glenn's notice of appeal was filed on April 19, 1976. The final judgment, an "Interlocutory Decree of Foreclosure" (hereinafter Decree of Foreclosure), had been filed on January 20, 1976, and during the ten days following final judgment appellant had failed to file any of the motions enumerated in HRCP Rule 73(a) which would have extended the time for filing the notice of appeal. It is unclear why the trial court used the word "interlocutory" as part of the title of the Decree of Foreclosure. In any event, it is clear from the terms of the Decree that it was a final decree of foreclosure (in addition to being a final order of sale), and therefore, under *Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974), and cases cited therein, the Decree was a final judgment.[1] Since appellant's notice of appeal was filed well after the 30 days provided in HRCP Rule 73(a) for noticing appeals, the purported appeal from the Decree of Foreclosure was ineffective. However, the notice of appeal further states that appeal

---

[1] Appellant contends that the Decree of Foreclosure was not a final judgment, because certain counterclaims were allegedly left unresolved by the Decree. An examination of the record reveals that the counterclaims were disposed of by the Decree. The sole relief demanded in the counterclaims had been the entry of certain judgments "prior to permitting foreclosure by the plaintiff". When the Decree of Foreclosure was entered without granting these requested judgments, the counterclaims were effectively denied.

Appellant further contends that the Decree of Foreclosure was not a final judgment, because it failed to include a deficiency judgment. This contention is without merit. Obviously, the specific deficiency judgment could not be calculated until after the sale ordered by the Decree of Foreclosure. The Decree did resolve the *issue* of a deficiency judgment by providing:

"If the proceeds of such [foreclosure] sale are insufficient to pay any of the amounts found due and owing . . ., then a judgment shall be docketed . . . for such deficiencies."

The fact that future calculations would be necessary did not rob the Decree of Foreclosure of finality. As stated in MDG Supply, Inc. v. Diversified Investments, Inc., 51 Haw. 375, 380, 463 P.2d 525, 528 (1969), with respect to attorney's fees to be calculated after the entry of a judgment of foreclosure, ". . . such judgment [of foreclosure] finally determines the merits of the controversy, and subsequent proceedings are simply incidents to its enforcement."

is being taken from two orders dated April 6, 1976 and March 30, 1976, respectively. The record shows that these orders were entitled "Order on Motion for Order Confirming Sale and for Deficiency Judgment" and "Order Denying Motion to Set Aside Interlocutory Decree of Foreclosure". The notice of appeal was timely with respect to these post-judgment orders. However, this court's jurisdiction is limited to review of issues within the parameters of the two orders. In other words, as intimated in *Powers v. Ellis, supra*, appellate jurisdiction is limited to the "errors unique to" these orders. 55 Haw. at 417, 520 P.2d at 433. We approve the analysis in 9 Moore's Federal Practice ¶ 110.14[1] (1975):

> "Decisions may be necessary . . . after the time for appeal from the final judgment has expired. The final judgment rule does not preclude review of such decisions. . . .
>
> ". . . Of course, appeals from such [post-judgments] orders *do not permit an attack on the underlying judgment if it is then final* . . . ." (Emphasis added.)

Thus this court has jurisdiction to consider errors unique to those post-judgment orders which have been timely appealed. However, pursuant to HRCP Rule 73(a), this court finds that dismissal of the entire appeal is appropriate, due to appellant's flagrant disregard of the rules of court. For example, the record on appeal was filed almost five months after expiration of a 50-day extension granted by the circuit court. During these five months, appellant failed to file any motion in this court for an extension of time. Appellant filed its designation of the record and statement of issues to be presented on appeal approximately seven months after filing of the notice of appeal, although HRCP Rule 75(b) requires any such designation and statement to be filed within ten days of the filing of the record on appeal. The excuses given for appellant's delays — counsel's distraction with another trial, certain medical problems, and a changeover among the principals controlling Glenn — do not justify appellant's prolonged total inaction, although perhaps they would have been proper grounds for granting a timely-filed motion for extension of time.

The appeal is dismissed.

*Tom C. Leuteneker (Carlsmith, Carlsmith, Wichman and Case* of counsel) for the motions.

*Lawrence I. Weisman,* for defendant-appellant, contra.