H. V. STURKIE, sole trustee of the following trusts: the Hortense Goldman Trust for the benefit of Monte Henry Goldman, the Hortense G. Goldman Trust for the benefit of Alfred Dreyfus Goldman, the Norman Hirschfield Trust for the benefit of Monte Henry Goldman, the Norman Hirschfield Trust for the benefit of Alfred Dreyfus Goldman, the Betty Hirschfield Trust for the benefit of Alfred Dreyfus Goldman, and the Betty Hirschfield Trust for the benefit of Monte Henry Goldman, Plaintiff-Appellee, *v.* THOMAS L. HAN, Defendant-Appellant, and BANK OF HONOLULU, Defendant-Appellee, and RALPH ENGELSTAD, and FIRST HAWAIIAN BANK, Trustee for the First Hawaiian Bank Employee's Retirement Plan, Defendants, and R.M.D. PROPERTIES, INC., Intervenor-Defendant-Appellant

NO. 6796

and

H. V. STURKIE, etc., Plaintiff-Appellee, *v.* THOMAS L. HAN, Defendant-Appellant, and BANK OF HONOLULU, Defendant-Appellee, RALPH ENGELSTAD, et al., Defendants, and R.M.D. PROPERTIES, INC., Intervenor-Defendant

NO. 6888

APRIL 27, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

In this case, first mortgagor Thomas L. Han (Han) and his successor-in-interest R.M.D. Properties, Inc. (RMD), a California corporation, appeal the lower court's decree foreclosing their interest in certain real and personal property and its decisions on issues incidental to the enforcement of said decree.

Since these two appeals arise out of one civil case and involve the same dispositive issue, we issue one opinion for both appeals.

We hold that we are without jurisdiction to hear these appeals because this case involves multiple claims which have not all been finally adjudicated and HRCP, Rule 54(b) (1954, as amended), certification was neither sought nor issued.

Han purchased a subleasehold interest in property on Portlock Road, Oahu, together with improvements, furniture, and furnishings from the trustee. Two hundred eight thousand eight hundred dollars ($208,800) of the $750,000 purchase price was paid in cash, and the remaining $541,200 was covered by a promissory note dated January 28, 1974, which required payments in five equal annual installments of $131,998.68 each commencing on January 28, 1975. The note was secured by a first mortgage on the real estate, improvements, furniture, and furnishings. A licensed lawyer represented Han in the negotiations as attorney-in-fact and signed the documents for Han in the same capacity.

Han paid the payment due on January 28, 1975, but failed to make the payment due on January 28, 1976. On March 23, 1976, the trustee filed a complaint for foreclosure. In due course, Han, by his attorney-in-fact, filed an answer in which he raised the defenses of

usury, failure of consideration, and fraud and misrepresentation, and two counterclaims, one premised upon the failure of consideration and seeking recission and the other asking for the reasonable storage value for personal household effects stored on the premises without Han's permission. Junior lienors First Hawaiian Bank and Ralph Engelstad filed cross-claims against Han, and junior lienor Bank of Honolulu filed a cross-claim against Han, Engelstad, and First Hawaiian Bank.

On August 13, 1976, the court entered an order granting the trustee's motion for leave to file a first amended complaint. Han did not file any papers in response to the amended complaint.

On October 12, 1976, the trustee filed a Motion for Summary Judgment and for Entry of an Interlocutory Decree of Foreclosure, requesting summary judgment in favor of the trustee on Count I (for judgment on the promissory note and for foreclosure of the leasehold mortgage) and on Count II (for judgment on the promissory note and for foreclosure of the security interest in the improvements, furniture, and furnishings) of the amended complaint. It also asked for summary judgment in favor of the trustee on Han's two counterclaims.

On October 22, 1976, RMD filed a HRCP, Rule 24(a)(2) (1954, as amended), motion to intervene as a defendant, alleging that as of June 28, 1976, it had purchased Han's interest in the property.[1] This motion was granted. RMD did not thereafter file any pleadings in the case.

No party other than the movant filed any papers supporting or opposing the Motion for Summary Judgment and for Entry of an Interlocutory Decree of Foreclosure. At the hearing on the motion, Han did not appear and he was not represented by anyone. RMD was represented. The court and counsel engaged in much conversation about the requested summary decree of foreclosure but very little about the requested summary judgment on the counterclaims. The only mention of matters other than foreclosure occurred between the court and counsel for RMD:

> [COUNSEL:] The reason we're opposing this motion, is because I don't think at this point that foreclosure and summary judgment are proper.

---

[1] The question of Han's continuing interest in this case is not an issue on appeal.

THE COURT: Why?

[COUNSEL:] R.M.D. Properties, Inc., has bought the total interest of Tommy Han. At this point he is trying to make arrangements to pay off everyone.

The court granted the motion for decree of foreclosure but did not mention, either orally or in writing, the motion for summary judgment on the two counterclaims.

Thereafter, on November 18, 1976, the court entered an "Interlocutory Decree of Foreclosure" wherein the court concluded that the trustee "is entitled to have his mortgage and security agreement foreclosed and the property described therein sold. . ."; appointed a commissioner to sell the property at public auction; and ordered that the first public auction be at a $790,000 upset price, but if no bids were received, then a second auction would be held without upset price.

On November 29, 1976, Jerry A. Ruthruff, Esquire, entered his appearance as attorney-at-law for Defendant Han. On January 17, 1977, Han moved to set aside the interlocutory decree of foreclosure. He cited no authority for his motion. We construe it as a HRCP, Rule 60(b) (1954, as amended), motion. In an affidavit attached to the motion, he asserted that he had been led by one of the beneficiaries of one of the trusts to reasonably believe that he was purchasing more land and improvements than he actually received, that the mortgage required him to comply with the sublease, and that the sublease required him to maintain liability insurance with insurance companies approved by the trustee, but that he was not given written notice as required by Hawaii Revised Statutes (HRS) chapter 479 (1976); that he was free to obtain insurance from the insurance company of his choice; that he was never informed that his attorney-in-fact's law partner was financially connected with Bank of Honolulu (the holder of a mortgage junior to the trustee's first mortgage); and that he never authorized his attorney-in-fact to waive any defenses and counterclaims. On February 1, 1977, the court denied this motion, which denial Han did not specifically appeal but which he, in No. 6796, claims was error.

No bids were received at the first auction at the upset price of $790,000. A new sale sans upset price was scheduled for February 8, 1977.

On February 4, 1977, RMD assigned its interest in the property to its nine stockholders, and they filed petitions under chapter 12 of the Bankruptcy Act in the United States District Court for the Northern District of California. On February 8, 1977, RMD requested that the sale be delayed. The court denied the request but ruled that it would not confirm the sale until it determined what effect, if any, the bankruptcy proceedings had on the foreclosure. At the public auction, Bank of Honolulu purchased the property for $575,100.

The bankruptcy court proceedings were transferred to the United States District Court for the District of Hawaii and were finally dismissed on July 1, 1977.

On August 18, 1977, the trustee filed a motion to require an increase in purchase price or in the alternative to set aside the order confirming sale and to resell the property. On August 25, 1977, the court granted the motion and ordered a new sale. The new sale was scheduled for September 2, 1977, and it was first advertised on August 28, 1977. Bank of Honolulu was again the purchaser, this time for $680,000. At the hearing on the motion to confirm the sale, Han and RMD objected on the grounds that the sale was held on insufficient notice to the public. The court entered a Decree of Foreclosure and Order Confirming Sale and Directing Partial Distribution of Proceeds on September 9, 1977, from which Han and RMD appeal in No. 6796.

Thereafter, pursuant to trustee's motion, the court, on November 25, 1977, entered an order authorizing, *inter alia,* payment of commissioner's fees and costs and trustee's attorney's fees and costs, which order Han appeals in No. 6888.

Neither Han nor RMD requested a stay of the enforcement of the decree of foreclosure.

Han and RMD, in their respective openings briefs in No. 6796, cited the following points of errors:

1. The lower court erred in refusing to set aside the interlocutory decree of foreclosure because (a) the attorney-in-fact's failure to oppose the motion cannot be held against Han because "an attorney cannot waive the fundamental rights of his client" especially where the attorney's law partner has represented and has a personal and financial interest in a defendant bank which holds a junior mortgage in the case; and (b) Han's counterclaims

involved issues of fact and he had a right to try them in the foreclosure proceedings.

2. The September 2, 1977, sale should be set aside because it was held on inadequate notice to the public.

3. The lower court erred in awarding the trustee interest on his mortgage in its September 9, 1977, order because the trustee failed to comply with HRS chapter 479 (1976).

Han, in his opening brief in No. 6888, cited the following points of errors:

1. The lower court erred in awarding the trustee interest on his mortgage in its November 25, 1977, order because the trustee failed to comply with HRS chapter 479 (1976).

2. The lower court abused its discretion when it awarded a $21,000 fee to the commissioner.

3. The lower court erred or abused its discretion when it awarded the trustee attorneys' fees for the services of his attorneys in the bankruptcy proceedings.

Although in their respective briefs Han and RMD asserted that this court has jurisdiction to hear the appeals, at oral argument they reversed their positions and asserted that this court does not have jurisdiction to hear their appeals because the case involves multiple parties and multiple claims which claims have not been finally decided, and because there has been no certification of the appeal pursuant to HRCP, Rule 54(b) (1954, as amended). We are required to address this jurisdictional issue. *B.D.M., Inc., v. Sageco, Inc.,* 57 Haw. 73, 549 P.2d 1147 (1976).

Resolution of this jurisdictional issue requires a discussion of Hawaii law with respect to the appeal of decrees of foreclosure.

Generally, a judgment, order, or decree may not be appealed unless it is final.[2] HRS § 641-1(a) (1976, as amended). Generally, a judgment, order, or decree is not final unless it completely adjudicates all the claims or rights and liabilities of all the parties. 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2660 (1973). Thus, each claim must be completely adjudicated, *Jezierny v. Biggins,* 56 Haw. 662, 548 P.2d 251 (1976), *motion to reinstate appeal denied,* 57 Haw. 82, 549 P.2d 739 (1976), and all claims must be

---

[2] Under HRS 641-1(b) (1976, as amended), the trial court may allow an appeal of a truly interlocutory and non-final order.

completely adjudicated, *Island Holidays, Inc. v. Fitzgerald*, 58 Haw. 552, 574 P.2d 884 (1978), as to all parties. 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2656 (1973); 9 MOORES FEDERAL PRACTICE ¶ 110.09, at 125 (2nd. ed. 1980). If one claim is completely adjudicated as to one or more of parties while other claims require further adjudication, the completely adjudicated claim may be appealed if a HRS § 641-1(b) (1976, as amended) permission or a Rule 54(b) (1954, as amended), certification is obtained, if it is a collateral order as defined in *MDG Supply v. Ellis*, 51 Haw. 480, 463 P.2d 530 (1969), or if it requires immediate execution of a command that property be delivered to the appellant's adversary, and the losing parties would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation. *Forgay v. Conrad*, 47 U. S. 201, 12 L.Ed. 404 (1848); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 3910 (1976); 9 MOORE'S FEDERAL PRACTICE ¶ 110.11, at 137 (2nd. ed. 1980).

In a single claim case involving a single plaintiff and a single defendant, the appellant may obtain a stay of enforcement of the decree of foreclosure by giving a supersedeas bond pursuant to HRCP, Rules 62(d) (1954) and 73(d) (1954, as amended). In multiple claims or multiple parties cases where a HRCP, Rule 54(b) (1954, as amended), certification has been granted, the trial court determines whether or not to grant a stay of the decree of foreclosure and upon what conditions. HRCP, Rule 62(h) (1954). Further, an appeal under Rule 54(b) does not divest the trial court of jurisdiction to proceed with the other issues in the case. *Territory v. Damon*, 44 Haw. 557, 356 P.2d 386 (1960).

The foreclosure decree is an exception to the general rule that a judgment, order, or decree is not final unless it completely adjudicates an entire claim.[3] The decree of foreclosure is deemed final[4] for appeal purposes notwithstanding the fact that many matters relating to it remain undetermined. Matters such as the order of sale,

---

[3] Decrees of divorce and division of property appear to be another exception. *Cleveland v. Cleveland*, 57 Haw. 519, 559 P.2d 744 (1977).

[4] The decree of foreclosure is final even though it is titled "interlocutory". *Independence Mtge v. Glenn Constr., Corp., supra.*

appointment of commissioner, confirmation of sale, award of costs and fees, and award of deficiency judgment are deemed to be incidents to the enforcement of the decree of foreclosure, *MDG Supply v. Diversified Inv.,* 51 Haw. 375, 463 P.2d 525 (1969), and errors unique to them are separately appealable, *Independence Mtge v. Glenn Constr. Corp.,* 57 Haw. 554, 560 P.2d 488 (1977), when they are fully adjudicated, *Powers v. Ellis, I,* 55 Haw. 414, 520 P.2d 431 (1974).

Thus, in multiple claims and multiple parties cases, the decree of foreclosure may be appealed interlocutorily if HRCP, Rule 54(b) (1954, as amended), certification is obtained. *MDG Supply v. Diversified Inv., supra.*

In a single claim foreclosure case involving a single plaintiff and a single defendant, the HRCP, Rule 73(a) (1954, as amended), time for appeal of the decree of foreclosure commences to run upon filing of the decree of foreclosure. *Independence Mtge v. Glenn Constr. Corp., supra.* The time for appeal of decisions on issues deemed incidental to the decree of foreclosure commences to run on the date of the entry of the last of the series of orders which collectively embrace the entire controversy. *Island Holidays, Inc. v. Fitzgerald, supra.*

In multiple claims or multiple parties cases, the time for appeal of the decree of foreclosure commences to run once there has been a HRCP, Rule 54(b) (1954, as amended), certification and a final judgment. 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2661 (1973). If a HRCP, Rule 54(b) (1954, as amended), certification is not obtained, then the time for appeal of all decrees and orders issued in the case commences to run on the date of the entry of the last of the series of orders which collectively embrace the entire controversy. *City & County v. Midkiff,* 57 Haw. 273, 554 P.2d 233 (1976).

Viewed from a practical standpoint, the current state of the law in this area is full of traps for the unwary and of angles for the shrewd. If the case involves a single plaintiff and a single defendant and only issues which are deemed incidental to the enforcement of the decree of foreclosure, the time for appeal begins running when the decree is filed. When it is appealed and supersedeas bond is filed, all further progress with respect to matters deemed incidental to the enforcement of the decree of foreclosure must stop and wait for the

appeal to be decided. If supersedeas bond is not filed, the lower court may continue to decide issues relating to the enforcement of the decree while the decree is being appealed.

If the case involves multiple parties or other undecided claims for relief (other than matters deemed incidental to the enforcement of the decree of foreclosure), then the decree of foreclosure may not be appealed absent HRCP, Rule 54(b) (1954, as amended), certification, and if such certification is obtained and the decree of foreclosure is appealed, then whether and upon what conditions enforcement of the foreclosure decree is stayed is determined by the court pursuant to HRCP, Rule 62(h) (1954), but the case may proceed with respect to other issues.

In this case we are confronted with multiple parties and with Han's two counterclaims and the cross-claims by the junior lienors. Han's counterclaim for recission was denied by necessary implication by the issuance of the decree. *See* note 1, *Independence Mtge v. Glenn Constr. Corp., supra.* However, the counterclaim for reasonable storage value was completely independent from and it remained outstanding and unaffected by the decree. The same is possibly[5] true of the cross-claims by the junior lienors. *Powers v. Ellis II,* 56 Haw. 587, 545 P.2d 1173 (1976). Thus, this is a multiple claims multiple parties case. There being no HRCP, Rule 54(b) (1954, as amended), certification and judgment, an appeal of the February 1, 1977, order denying Han's motion to set aside the decree of foreclosure was premature. The same is true of the appeal of the September 9, 1977, Decree of Foreclosure and Order Confirming Sale and Directing Partial Distribution of Proceeds and the November 25, 1977, order authorizing payment of commissioner's fees and costs, trustee's attorney's fees and costs, and other items.[6]

The possibility of a *nunc pro tunc* HRCP, Rule 54(b) (1954, as amended), certification of the November 18, 1976, decree (*see MDG*

---

[5] It is not necessary for us in this case to decide this issue and we therefore do not decide it.

[6] If this were a single claim case involving one plaintiff and one defendant, the November 18, 1976 decree of foreclosure had to have been appealed within thirty days from November 18, 1976, and the September 9, 1977 order confirming sale and the November 25, 1977 order authorizing payment of fees and costs could not be appealed until the entire case was fully adjudicated.

*Supply v. Diversified Inc., supra)* appears not viable because Han did not appeal that decree.

Thus, we hold that this court is without jurisdiction to hear the appeals.

For the following reasons we also hold that this case merits application of Rule 9(e), RICA (1980). When RMD, on October 5, 1977, and Han, on October 7, 1977, noted their appeal of the court's September 9, 1977, decree, and when Han, on December 27, 1977, noted his appeal of the court's November 25, 1977, order, case law in Hawaii, specifically *MDG Supply v. Ellis* (1969), *supra, Powers v. Ellis I* (1974), *supra,* and *Powers v. Ellis II* (1976), *supra,* clearly and unambiguously indicated that an appeal could not be taken in any case until all claims of all parties were completely adjudicated except that the decree of foreclosure could be appealed if a HRCP, Rule 54(b) (1954, as amended), certification were granted by the trial court. Notwithstanding this applicable precedent, which they referred to in their briefs, Han and RMD filed and pursued their appeals without first obtaining the necessary HRCP, Rule 54(b) (1954, as amended), certification. Then, at oral argument in this court, they argued that we lack jurisdiction to hear their appeals because of their failure to obtain the necessary HRCP, Rule 54(b) (1954, as amended), certification.

It is one thing for the appellee to assert for the first time at oral argument a lack of appellate jurisdiction for failure to obtain HRCP, Rule 54(b) (1954, as amended), certification. That is what the appellee did in *Powers v. Ellis I, supra.* It is quite another thing for the appellant to do so.

The fact that Han and RMD pursued their appeals notwithstanding their awareness of Hawaii Supreme Court cases which clearly point out the necessity for HRCP, Rule 54(b) (1954, as amended), certification in multiple claims or multiple parties cases and then waited until oral argument to use the lack of HRCP, Rule 54(b) (1954, as amended), certification to attack this court's jurisdiction to hear their appeals causes us to conclude that these appeals are frivolous and have been sued out merely for delay. Therefore, pursuant to Rule 9(e), RICA (1980), we award all appellees their reasonable attorney's fees as damages. Fees incurred with respect to No. 6796 are assessed against both the appellants, jointly and severally. Fees incurred with respect to No. 6888 are assessed against

Han. Appellees shall submit their statement of reasonable fees as to each appeal to this court and to appellants, and appellants shall have the right to respond as to their reasonableness pursuant to the procedure outlined in Rule 6(d), RICA (1980).

Appeals dismissed for lack of jurisdiction.

*Jerry A. Ruthruff* for defendant-appellant Han.

*Michael F. O'Connor (Wheelon, Ezra, O'Connor & Moon)* for intervenor-defendant-appellant RMD in No. 6796.

*David W. Proudfoot (Case, Kay & Lynch) (Ted Gamble Clause* with him on the brief in No. 6888) for plaintiff-appellee Sturkie.

*William H. Dodd (Chun, Kerr & Dodd)* for defendant-appellee Bank of Honolulu in No. 6796.