145 P.3d 910

**John CONTRADES, III, Plaintiff–Appellant,**

v.

**Tony REIS, also known as Antone Reis, Does 1–20, Doe Partnerships 1–20, Doe Corporations 1–20, Doe Entities 1–20, Doe Governmental Entities 1–20, Defendants–Appellees,**

**and**

**Louise Reis, Intervenor Defendant–Appellant.**

**No. 27510.**

Intermediate Court of Appeals of Hawai'i.

Oct. 16, 2006.

---

James P. Dandar and Jay T. Suemori (Dandar Suemori), on the briefs, Honolulu, for Plaintiff–Appellant.

Joseph N. Kobayashi, on the briefs, Defendant–Appellee.

Kevin P.H. Sumida and Lance S. Au (Sumida & Tsuchiyama), on the briefs, Honolulu, for Intervenor Defendant–Appellant.

BURNS, C.J., LIM and FUJISE, JJ.

Opinion of the Court by BURNS, C.J.

On September 29, 2003, Plaintiff–Appellant John Contrades, III (John) filed a complaint against Defendant–Appellee Tony Reis, aka Antone Reis (Tony), alleging John's co-ownership of an improved parcel of real estate [1] exclusively occupied by Tony, and seeking sundry remedies.

On November 14, 2003, Tony filed an answer and a counterclaim requesting an award of title by adverse possession or, failing that, partition. Tony's counterclaim stated in part: "This Counterclaim is made pursuant to Chapter 657 and Chapter 669 of the Hawaii Revised Statutes to determine the adverse claims, if any, of [John] and any unidentified counter defendants and to confirm the title of [Tony] in and to the real property."

On December 14, 2004, Tony filed a motion for judgment on the pleadings or summary judgment. John filed a response on December 30, 2004. Tony replied on January 6, 2005. On Wednesday, May 18, 2005, after a hearing on January 10, 2005, Judge George M. Masuoka entered (1) an order granting summary judgment and (2) a Judgment that states, in relevant part: "Judgment is hereby entered in favor of [Tony] and against [John], as to all claims. Title to the property described in Exhibit 'A', which is attached hereto and made a part hereof, is hereby confirmed in [Tony]. There are no remaining claims between the parties."

On Tuesday, May 31, 2005, John timely filed a motion for reconsideration that postponed the finality of the May 18, 2005 Judgment. On June 28, 2005, Tony filed his response to John's motion for reconsideration. On July 21, 2005, Intervenor Defendant–Appellant Louise Reis (Louise), the widow of Tony's brother, filed a motion to intervene [2] as a counterclaim defendant.[3] On

---

1. The parcel of real estate is 1681 Wanaao Road, Kapaʻa, Hawaiʻi, Tax Map Key No. 4–6–7–18. It appears that the size of this parcel is one acre.

2. Hawaiʻi Rules of Civil Procedure Rule 24 (2006) states:

   Intervention. (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

July 27, 2005, Judge Masuoka heard and orally denied John's motion for reconsideration of the May 18, 2005 Judgment. On August 12, 2005, Tony filed a response to Louise's motion to intervene. On August 15 and 16, 2005, Louise filed replies. On August 22, 2005, Judge Masuoka heard and orally granted Louise's motion to intervene. On August 24, 2005, Judge Masuoka entered the written order denying John's motion for reconsideration. On September 8, 2005, (1) Judge Masuoka entered the written order allowing Louise to intervene, and (2) Louise filed her response to Tony's counterclaim wherein she asserted myriad defenses and affirmative defenses including "the affirmative defense of acknowledgement [sic] of a superior right over the property." Louise also demanded a jury trial. On September 14, 2005, Louise moved to set aside the May 18, 2005 Judgment. She stated various issues and concluded:

> Finally, the Judgment is erroneous where it is no longer a final judgment, pursuant

> (b) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> (c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

3. In her Opening Brief, Intervenor Defendant–Appellant Louise Reis states in part:

> A title search ... established that decedent Joseph Albert Reis is listed as a co-owner of the subject property. Louise Reis is listed as a co-owner of the subject property. Louise Reis, as the widow of decedent Joseph Albert Reis,

to Rule 58 of the Hawaii Rules of Civil Procedure, in that it does not resolve all issues and claims. Intervenor defendant's defenses have recently been asserted and are unresolved, in that any prior ruling is not effective against her.

On September 22, 2005, Louise filed a notice of appeal from the order and the Judgment entered on May 18, 2005, and the August 24, 2005 order denying John's motion for reconsideration. On September 23, 2005, John filed a notice of appeal.

On October 3, 2005, Tony filed a memorandum in opposition to Louise's motion to set aside the May 18, 2005 Judgment wherein he (1) argued that Louise is not a co-owner but that her husband, Joseph A. Reis, who died on March 31, 1996, is a record owner of 1/30th of the subject property and Louise is Special Administrator of the Estate of Joseph Albert Reis, and (2) stated that he had no objection to modification of the May 18, 2005 Judgment so that it does not apply to the interest of the Estate of Joseph Albert Reis.[4]

> RA 219, has obtained interest in the property by operation of law.... Because no will nor administration has been completed for Joseph Albert Reis, Louise Reis and/or heirs of the Estate of Joseph Albert Reis inherit his share of the subject property through operation of the laws of intestate succession.
>
> Louise Reis is also a Special Administrator of the Estate of Joseph Albert Reis.

4. The Hawaii Revised Statutes (1993) state in part:

> § **669–1  Object of action.** (a) Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim.
>
> (b) Action for the purpose of establishing title to a parcel of real property of five acres or less may be brought by any person who has been in adverse possession of the real property for not less than twenty years. Action for the purpose of establishing title to a parcel of real property of greater than five acres may be brought by any person who had been in adverse possession of the real property for not less than twenty years prior to November 7, 1978, or for not less than earlier applicable time periods of adverse possession. For purposes of this section, any person claiming title by adverse possession shall show that such person acted in good faith. Good faith means that, under all the facts and circumstances, a reasonable person would believe that the per-

On October 21, 2005, after a hearing on October 10, 2005, Judge Kathleen N.A. Watanabe entered an order denying Louise's motion to set aside the judgment.

■ This appeal was assigned to this court on May 23, 2006.

Generally, a judgment, order, or decree may not be appealed unless it is final. [Hawaii Revised Statutes (HRS)] § 641-1(a) (1976, as amended). Generally, a judgment, order, or decree is not final unless it completely adjudicates all the claims or rights and liabilities of all the parties. 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2660 (1973). Thus, each claim must be completely adjudicated, *Jezierny v. Biggins*, 56 Haw. 662, 548 P.2d 251 (1976), *motion to reinstate appeal denied*, 57 Haw. 82, 549 P.2d 739 (1976), and all claims must be completely adjudicated, *Island Holidays, Inc. v. Fitzgerald*, 58 Haw. 552, 574 P.2d 884 (1978), as to all parties. 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2656 (1973); 9 MOORE[']s FEDERAL PRACTICE ¶ 110.09, at 125 (2nd. ed.1980). If one claim is completely adjudicated as to one or more of parties while other claims require further adjudication, the completely adjudicated claim may be appealed if a HRS § 641-1(b) (1976, as amended) permission or a [Hawai'i Rules of Civil Procedure] Rule 54(b) (1954, as amended), certification is obtained, if it is a collateral order as defined in *MDG Supply v. Ellis*, 51 Haw. 480, 463 P.2d 530 (1969), or if it requires immediate execution of a command that property be delivered to the appellant's adversary, and the losing parties would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation. *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 3910 (1976); 9 MOORE'S FEDERAL PRACTICE ¶ 110.11, at 137 (2nd. ed.1980).

*Sturkie v. Han*, 2 Haw.App. 140, 145-46, 627 P.2d 296, 301 (1981) (footnote omitted).

■ The May 18, 2005 Judgment did not become final until Judge Masuoka, on August 24, 2005, entered an order denying John's motion for reconsideration. Was the May 18, 2005 Judgment appealable when the notices of appeal were filed on September 22 and 23, 2005?

Clearly, had the September 8, 2005 order granting Louise's July 21, 2005 motion to intervene been entered before the entry of the August 24, 2005 order denying John's

son has an interest in title to the lands in question and such belief is based on inheritance, a written instrument of conveyance, or the judgment of a court of competent jurisdiction.

(c) Action brought to claim property of five acres or less on the basis of adverse possession may be asserted in good faith by any person not more than once in twenty years, after November 7, 1978.

(d) Action under subsection (a) or (b) shall be brought in the circuit court of the circuit in which the property is situated.

. . . .

§ 669-2 **Defendants; unknown persons.** (a) Any person may be made a defendant in the action who has or claims, or may claim, an interest in the property adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the issues involved therein.

(b) Unknown persons may be made parties as provided by the rules of court, if:

(1) It shall be shown by the complaint that there are or may be persons unknown, claiming by, through, or under any named person; or

(2) Other facts shall be shown by the complaint giving rise to an actual controversy between plaintiff and persons unidentified or whose names are unknown.

(c) In any action brought under section 669-1(b):

(1) There shall be joined as defendants, in addition to persons known to have an adverse interest, the adjoining owners and occupants so far as known.

(2) If all persons interested who are known or can be joined as provided by subsection (b) have been made parties, the summons in addition to being directed to such parties, may be directed to unknown persons generally and in such case, after service upon the persons summoned, known and unknown, the court shall have jurisdiction to proceed as though all persons interested were in being and personally served, but any adjudication shall, as regards a defendant served pursuant to section 669-3, affect only the property which is the subject of the action except as provided by section 634-23.

It appears that the "shall" mandate stated in HRS § 669-2(c)(1) is applicable in this case.

motion for reconsideration, the May 18, 2005 Judgment would not have been appealable. Did Louise's July 21, 2005, motion to intervene and the court's August 22, 2005 oral grant of Louise's July 21, 2005 motion to intervene preclude the May 18, 2005 Judgment from becoming appealable when the order denying John's motion for reconsideration was entered on August 24, 2005? Does a non-party's motion to intervene that has not been finally decided postpone the appealability of a judgment finally deciding the case between the parties?

Assuming the May 18, 2005 Judgment was appealable on August 24, 2005, the date when the order denying John's motion for reconsideration was entered, did the judgment become non-appealable (1) on September 8, 2005, when (a) Judge Masuoka entered an order allowing Louise to intervene, and/or (b) Louise filed her response to Tony's counterclaim wherein she asserted myriad defenses and affirmative defenses including "the affir-

mative defense of acknowledgement [sic] of a superior right over the property"; or (2) on September 14, 2005, when Louise moved to set aside the May 18, 2005 Judgment?

We conclude that, prior to the time Louise and John filed their notices of appeal, Louise had become a party. When Louise and John filed their notices of appeal, Louise was a party but her defenses and affirmative defenses remained undecided. All claims against all parties not having been finally decided when the notices of appeal were filed, we do not have appellate jurisdiction.[5]

Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

---

5. We are not presented with the question whether the May 18, 2005 Judgment could have been made final and appealable pursuant to Hawai'i Rules of Civil Procedure Rule 54(b) (2006).