**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000081
12-SEP-2022
08:48 AM
Dkt. 163 OGMD**

NO. CAAP-22-0000081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES YEE MARN, JR., as a limited partner of McCully Associates, a Hawaii registered limited partnership, for and on behalf of McCully Associates and its limited partners, Plaintiff-Appellee, v. MCCULLY ASSOCIATES, a Hawaii registered limited partnership; ALA WAI INVESTMENT, INC., a Hawaii corporation, as general partner of MCCULLY ASSOCIATES; ERIC Y. MARN, individually and as officer and agent for ALA WAI INVESTMENT, INC., Defendants-Appellees, and ALEXANDER Y. MARN, Defendant-Appellant, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC980005371)

ORDER GRANTING MOTIONS TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Upon consideration of the Motion to Dismiss for Lack of Jurisdiction filed on March 14, 2022, and the Amended Motion to Dismiss for Lack of Jurisdiction filed on April 25, 2022 (collectively **Motions to Dismiss**), by Appellee Liquidating Receiver S. Steven Sofos (**Receiver**), the papers in support and in opposition, the record here and the record in In re Marn Family Litigation, CAAP-10-000181,[1] it appears that we lack appellate jurisdiction over self-represented Defendant-Appellant Alexander Y. Marn's (**Alexander**) appeal from the Circuit Court of

---

[1] We take judicial notice of appellate court records in CAAP-10-0000181. See Hawaiʻi Rules of Evidence Rule 201; see also State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

the First Circuit's (**circuit court**) December 20, 2021 "Order Granting [Receiver]'s Motion to Approve (1) Fourth Amended Distribution Analysis; (2) Distribution of Partner Capital Accounts; and (3) Establishing Procedure for Terminating Receivership and Discharging Receiver, Filed October, 22, 2021" (**Order Approving Distributions**); January 21, 2022 "Order Denying [Alexander]'s Motion for Reconsideration of Order Filed December 20, 2021 (Dkt. 1387) Filed December 29, 2021 (Dkt. 1403)" (**Order Denying Reconsideration**); and March 30, 2022 "Order Denying [Alexander]'s Motion for Stay Without Bond, Filed January 14, 2022" (**Order Denying Stay**) (collectively, **Orders**).

On October 25, 2010, the circuit court entered a final, appealable, Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified Partial Final Judgment (**10/25/10 Partial Judgment**), resolving some but not all of the claims in the April 30, 2001 First Amended Complaint and the July 8, 2002 Supplemental Complaint filed in the underlying action of Civil No. 98-5371-12.[2]  See Hawaii Revised Statutes (**HRS**) § 641-1 (2016), HRCP Rule 54, Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  In the 10/25/10 Partial Judgment, the circuit court stated that its entry of judgment was partial because, *inter alia*, the liquidation process was not completed.  The 10/25/10 Partial Judgment states in pertinent part:

> 9.  Pursuant to Rule 54(b), Hawaii Rules of Civil Procedure, all of the Orders listed in the Attached List of Orders for Final Judgment . . . and the above Judgments regarding the monetary damages are entered as a Partial Final Judgment, as there is no just reason for delay.  The Final Judgment is partial only because the liquidation process for [McCully Associates] is not completed and the final allocation of Prevailing Parties' Attorneys' Fees shall occur upon the final liquidation of [McCully Associates].
>
> 10.  [Receiver Hayes] shall continue in his role as Liquidating Receiver and sell the McCully Shopping Center and the associated real and personal property . . . , and upon such sale, a final accounting shall be completed, which shall include allocations of costs against the four (4)

---

[2]  As noted in the 10/25/10 Partial Judgment, eight lawsuits by and between Marn family members had been consolidated in the circuit court, six had been dismissed pursuant to certain stipulations, and the 10/25/10 Partial Judgment pertained to the remaining two civil proceedings, Civil No. 98-4706-10 and Civil No. 98-5371-12.

limited partners of [McCully Associates][.]

> 11.  <u>This Court shall retain jurisdiction in connection with the management and disposition of the remaining assets of [McCully Associates], including the McCully Shopping Center and other assets, the winding up of [McCully Associates] and [Ala Wai Investment], distribution and the adjudication of such collateral issues relating to fee requests and tax matters</u>; and
>
> 12.  All other claims asserted in this matter, except for the <u>remaining accounting issues</u>, including any issue related to [Ala Wai Investment], the former general partner, and those matters set forth in paragraph 11, are dismissed with prejudice.
>
> This is a Final Judgment on all monetary damage claims and issues asserted herein pursuant to Rule 54(b) of the *Hawaii Rules of Civil Procedure*.

(Emphases added.)

The Order Approving Distributions and Order Denying Reconsideration are interlocutory because they relate to matters not adjudicated by the 10/25/10 Partial Judgment and instead that were specifically reserved by the circuit court in the 10/25/10 Partial Judgment.  See <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (holding that an appeal should be dismissed as premature if the judgment does not resolve all claims against all parties or contain the finding necessary for certification under HRCP Rule 54(b)); <u>Cf</u>. <u>Sturkie v. Han</u>, 2 Haw. App. 140, 146, 627 P.2d 296, 301 (1981)(noting that an appeal under HRCP Rule 54(b) "does not divest the trial court of jurisdiction to proceed with the other issues in the case").  The circuit court has not reduced the Order Approving Distributions and Order Denying Reconsideration to a final, appealable judgment.

In addition, the circuit court's March 30, 2022 Order Denying Stay is interlocutory.  In the motion to stay, Alexander appears to have moved the circuit court to stay its Order Approving Distributions, and enforcement of its February 4, 2019 "Order Granting Liquidating Receiver's 65th Application for

Approval and Payment of Fees and Costs for the Receiver and His Professionals for the Period From October/November 2020 Through October 2021, Filed November 19, 2021." The orders pertain to the winding up of McCully Associates and Ala Wai Investment, which, as discussed, has not been resolved in a final, appealable judgment. See Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

Further, the Orders are not independently appealable under the collateral-order doctrine, the Forgay doctrine, or HRS § 641-1. See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (2016) (setting forth the requirements for appealability under HRS § 641-1).

Therefore, IT IS HEREBY ORDERED that the Motions to Dismiss are granted and that CAAP-22-0000081 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-22-0000081 are dismissed.

DATED: Honolulu, Hawaiʻi, September 12, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge