*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-13-0000129
30-JUN-2017
08:03 AM**

SCWC-13-0000129

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

LEIMOMI LESLIE FRESCH, Individually and as Next Friend
for Howard K. Leslie, Jr., Respondent/Plaintiff-Appellee,

and

HOWARD K. LESLIE, SR., Petitioner/Plaintiff-Appellee,

and

HOWARD K. LESLIE, JR., Respondent/Plaintiff-Appellant,

vs.

JEFFREY K. KANUI, as Personal Representative
of the Estate of Jamie K. Tavares, Deceased,
Respondent/Defendant-Appellee.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000129; CIV. NO. 97-0448)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, Pollack, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Chan,[1]
in place of McKenna, J., recused)

---

[1]     The Honorable Derrick H.M. Chan was a Judge of the Circuit Court of the First Circuit when he was assigned as a substitute justice in this case.  On April 13, 2017, Judge Chan was sworn in as an Associate Judge of the Intermediate Court of Appeals (ICA).

In December 1996, Howard K. Leslie, Jr. (Leslie Jr.) was driving his employer's vehicle when Jamie Tavares's (Tavares) vehicle struck Leslie Jr.'s head-on. Tavares was killed and Leslie Jr. was hospitalized for several months. Howard K. Leslie, Sr. (Leslie Sr.) sued the Tavares Estate, with Leimomi Fresch (Fresch), Leslie Jr.'s mother, joining as a named plaintiff both individually and as next friend for Leslie Jr. Leslie Jr., Leslie Sr., and Fresch settled their claims against the Tavares Estate in consideration for a total payment of $320,000. The case was subsequently dismissed with prejudice in July 1997.

In April 1998, Leslie Jr. filed a motion to vacate the dismissal and rescind the settlement.[2] That motion was denied, and Leslie Jr. appealed. We vacated and remanded for proceedings to assess the fairness of the apportionment. Leslie v. Estate of Tavares, 91 Hawaiʻi 394, 405, 984 P.2d 1220, 1231 (1999).

At the fairness hearing, the circuit court found that Leslie Jr., Leslie Sr., and Fresch, with the help of their attorney, agreed to a reallocation of settlement proceeds where Leslie Sr. and Fresch would each receive roughly $50,000 and

---

[2] The Honorable Eden Elizabeth Hifo, then known as B. Eden Weil, presided over the 1998 motion to vacate the dismissal and rescind the settlement. Judge Hifo also presided over the 2001 fairness hearing. The case was reassigned to the Honorable Rhonda A. Nishimura on December 9, 2010, and Judge Nishimura presided over Leslie Jr.'s 2010 motion to enforce and 2012 renewed motion to enforce.

"kick back" any proceeds in excess of $25,000 to Leslie Jr. to help him avoid a lien against him belonging to the Hawaiʻi Department of Human Services (DHS) for medical expenses incurred in connection with the accident.  Based on case law holding that "a court may refuse to enforce contracts that violate [] public policy[,]" the circuit court ruled that the original settlement was fair and equitable, and that reallocating the settlement funds to "effectively enforce the kickback scheme" was not warranted.

Leslie Jr. entered into a workers' compensation settlement with the State and his former employer in August 2007. He received a lump sum of $262,500 and the DHS lien was paid off.

In December 2010, Leslie Jr. filed a motion to enforce the kickback arrangement or, in the alternative, for relief from the fairness hearing order.  Leslie Sr. did not oppose the motion or attend the hearing, and on February 18, 2011, Leslie Jr.'s request to enforce the kickback agreement was granted.

In February 2012, Leslie Sr. filed a motion to set aside the order granting Leslie Jr.'s request to enforce the original settlement.  Leslie Sr. argued that his counsel inadvertently failed to oppose the motion, and that the motion was partially granted because it was unopposed by Leslie Sr.  The circuit court granted Leslie Sr.'s motion to set aside.  Leslie Jr. subsequently filed a renewed motion to enforce, which was

3

denied, and Leslie Jr. appealed to the ICA.

In its August 6, 2015 Summary Disposition Order (SDO), the ICA reversed the circuit court's order granting Leslie Sr.'s motion to set aside. Noting that "[t]he conduct of [Leslie Sr.'s] counsel appears to be the result of mere carelessness, which he did not seek to remedy until nearly a full year after the subject order was entered[,]" the ICA held that "[Leslie Sr.'s] failure to oppose the motion to enforce was inexcusable neglect which did not warrant relief under [Hawai'i Rules of Civil Procedure (HRCP)] Rule 60(b)(1)." Based on its HRCP Rule 60 holding, the ICA did not reach the underlying substance of the dispute. The ICA entered judgment pursuant to its SDO on November 3, 2015.

On certiorari, Leslie Sr. asks us to consider whether his counsel's failure to oppose the motion to enforce was excusable neglect, and whether the ICA erred in affirming the order granting Leslie Jr.'s motion to enforce a kickback scheme that was previously ruled illegal and unenforceable.

As set forth below, Leslie Jr.'s appeal of the circuit court's July 27, 2012 order granting Leslie Sr.'s motion to set aside (2012 Order Setting Aside) was untimely, and the ICA lacked jurisdiction to act on Leslie Jr.'s appeal of this order. We therefore vacate the ICA's November 3, 2015 judgment on appeal as it pertains to the circuit court's 2012 Order Setting Aside, and

4

reinstate the 2012 Order Setting Aside.  In addition, we hold that the circuit court did not abuse its discretion when it denied Leslie Jr.'s renewed motion to enforce.  We therefore vacate the ICA's judgment on appeal as it pertains to the circuit court's February 1, 2013 order and affirm the circuit court's February 1, 2013 order denying Leslie Jr.'s renewed motion to enforce.  We also vacate the portion of the ICA's judgment on appeal granting Leslie Jr.'s request for appellate costs, but affirm the ICA's denial of Leslie Jr.'s request for appellate attorneys' fees.

## I. BACKGROUND

### A.   Motor Vehicle Accident, Settlement, and Prior Proceedings

This case has been ongoing for almost twenty years and has involved two separate civil lawsuits, one worker's compensation agreement, three ICA decisions, and five applications for writ of certiorari, four of which were granted, including the one we are deciding today.  The following facts and procedural history are relevant to this appeal.

On December 22, 1996, Leslie Jr. was driving his employer's vehicle when Tavares's vehicle allegedly crossed the center line and struck Leslie Jr.  Tavares was killed, and Leslie Jr. suffered extensive life-threatening injuries and was hospitalized for several months.  Leslie Sr. sued the Tavares Estate for negligence, with Fresch joining as a named plaintiff

5

both individually and as next friend for Leslie Jr. (collectively, Plaintiffs). Plaintiffs settled their claims against the Tavares Estate in consideration for $250,000, and in July 1997, the Plaintiffs' complaint was dismissed with prejudice. Plaintiffs also reached settlements in the amount of $70,000 with the insurers of the vehicle driven by Leslie Jr. Plaintiffs' total gross settlement was $320,000.

In November 1997, DHS faxed to Leslie Jr.'s attorney a listing of medical expenses that it had paid on Leslie Jr.'s behalf, stating that the current amount of DHS's lien against Leslie Jr. was $47,178.50.

In April 1998, Leslie Jr. filed a motion to vacate the dismissal and rescind the settlement, which the circuit court denied. Upon appeal to this court, we held in part that the circuit court abused its discretion in failing to closely scrutinize the apportionment of the settlement proceeds. Leslie v. Estate of Tavares, 91 Hawai'i 394, 405, 984 P.2d 1220, 1231 (1999). We "remand[ed] for further proceedings . . . concerning the fairness of the apportionment," directing the circuit court to exercise its "duty to insure that [the] settlement agreement is fair to its ward." Id.

The fairness hearing was held in February 2001. The circuit court issued its Findings of Fact (FOF), Conclusions of Law (COL), and Order on August 22, 2001. The following FOFs and

6

COLs are relevant to this appeal:  Leslie Jr. had "incurred medical bills in excess of $1.75 million by March of 1997," and the "Department of Human Services (DHS) began paying medical claims in May 1997;" both Mr. Wildman, Plaintiffs' attorney, and Plaintiffs "believed the DHS lien would exceed several hundreds of thousands of dollars;" the State of Hawaiʻi Child Support Enforcement Agency (CSEA) imposed a $60,000 lien against Leslie Jr.'s assets; Mr. Wildman facilitated a kickback scheme between Leslie Jr., Leslie Sr., and Fresch, where Leslie Sr.'s and Fresch's allocations above $25,000 would be informally returned to Leslie Jr. after the DHS lien was satisfied; and "overwhelming" evidence showed that the scheme was designed to maximize Leslie Jr.'s financial recovery and to avoid Leslie Jr. having to utilize settlement proceeds to satisfy the DHS and CSEA liens.  The circuit court also found that, by November 1997, Mr. Wildman allocated the $320,000 settlement proceeds as follows:[3]

| | |
|---|---|
| Wildman Fees plus costs: | $111,529.67 |
| Leimomi Leslie [Fresch] | $ 61,465.75 |
| Leslie Sr. | $ 52,889.67 |
| Leslie Jr. | $ 46,936.41 |
| DHS Lien | $ 47,178.50 |

In its COL relevant to this appeal, the circuit court concluded that "disturbing the allocation would effectively enforce the kickback scheme[,] which this Court declines to do[,]" citing Inlandboatmen's Union v. Sause Brothers, Inc., 77

_____

[3]     This allocation does not reflect the kickback amounts to be paid by Leslie Sr. and Fresch to Leslie Jr.

7

Hawaiʻi 187, 194, 881 P.2d 1255, 1262 (App. 1994), for the proposition that "a court may refuse to enforce contracts that violate law or public policy."

The circuit court thus affirmed the November 1997 allocation of settlement funds without the kickback amounts being paid to Leslie Jr.  The circuit court entered Judgment pursuant to its August 22, 2001 FOF, COL, and Order on November 9, 2001, which the ICA affirmed in an SDO.  Fresch v. Estate of Tavares, No. 28273 (App. Jan. 15, 2009) (SDO).

On August 15, 2007, Leslie Jr. entered into a separate compromise, settlement, and release agreement with his employer and the State of Hawaiʻi Special Compensation Fund (SCF),[4] in which SCF agreed to pay Leslie Jr. a lump sum of $262,500 and to reimburse DHS for the lien amount of $47,178.50.

## B.    Leslie Jr.'s Motion to Enforce the Original Settlement

On December 9, 2010, Leslie Jr. filed a motion to enforce the original settlement proceeds allocation agreement between himself, Fresch, and Leslie Sr.--the kickback agreement. Leslie Sr. does not dispute that the motion was properly served. Nonetheless, Leslie Sr. did not file a memorandum in opposition

---

[4]    According to this workers' compensation settlement, which is separate from the settlement at issue in Leslie Sr.'s application, Leslie Jr. filed a WC-5 Employee's Claim for Workers' Compensation Benefits on February 9, 1998.  The Director of Labor and Industrial Relations denied Leslie Jr.'s claim on June 25, 1999, and Leslie Jr. appealed to the Labor and Industrial Relations Appeals Board (LIRAB) on June 29, 1999.  The appeal to LIRAB was apparently still pending at the time of settlement.

to Leslie Jr.'s motion to enforce.  Following a hearing, on February 18, 2011, the circuit court entered an order granting Leslie Jr.'s motion to enforce, finding that enforcing the agreement could no longer affect the State of Hawaii's lien rights.  Neither Leslie Sr. nor his attorney attended the hearing.

On May 18, 2011, the circuit court entered Final Judgment against Leslie Sr. (2011 Final Judgment) in the amount of $27,889.75 -- his settlement award of $52,889.67 minus $24,999.92.  On May 18, 2011, the circuit court entered a separate final judgment against Fresch in the principal amount of $36,465.75--her settlement award of $61,465.75 minus $25,000.

## C.    Leslie Sr.'s Motion to Set Aside

On February 13, 2012, more than eight months after the 2011 Final Judgment was entered against Leslie Sr., Leslie Sr. filed a motion to set aside both the 2011 order granting Leslie Jr.'s motion to enforce and the 2011 Final Judgment filed against Leslie Sr.  Leslie Sr. argued that he was not at fault for his counsel's inadvertent failure to oppose Leslie Jr.'s motion, for which the circuit court could grant relief pursuant to HRCP Rule 60(b),[5] and that Leslie Jr. would not be prejudiced by reopening.

---

[5]      HRCP Rule 60 (2006), "Relief from Judgment or Order," provides in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party
>
> (continued...)

9

Leslie Jr. argued in response that the motion to set aside was untimely and that it should be denied because Leslie Sr.'s actions did not constitute excusable neglect. Leslie Jr. also argued that he would be prejudiced if the motion was granted because he had already instituted collection proceedings against Leslie Sr. and Fresch based on the final judgments.

At a hearing on the motion to set aside, Leslie Sr.'s counsel explained why he failed to appear at the January 14, 2011 hearing on the motion to enforce:

> What happened in this particular case is it came in right before I was going on vacation. I sent it off to the client, went on vacation, came back. My secretary had not calendered it. I had forgotten completely all about it. And a few days after the hearing, my client called up and said what happened? I completely spaced out that there was a hearing or there was a motion, and I didn't even recognize the significance of it until afterwards.

Leslie Sr.'s counsel explained that he eventually became aware of his failure, and that, at a subsequent hearing on

---

[5](...continued)
or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from th operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

10

a motion for fees and costs, he informed the court of his mistake and said that a motion to set aside "would be coming."  Although he did not explain why he did not raise these issues sooner, Leslie Sr.'s counsel claimed that Leslie Sr. had a "meritorious defense" based on the November 9, 2001 Judgment, which was affirmed by the ICA.  Leslie Sr.'s counsel contended that there should be an argument on the merits so that the circuit court could decide if "the circumstances have changed such that [the kickback] has now become enforceable."

On July 27, 2012, the circuit court entered an order granting Leslie Sr.'s motion to set aside, finding that Leslie Jr.'s post-collection efforts did not rise to the level of prejudice and that Leslie Sr. had a potentially meritorious defense.

## D.    Leslie Jr.'s Renewed Motion to Enforce

Leslie Jr. filed a renewed motion to enforce on November 26, 2012, in which he largely reiterated his arguments from his previous motion to enforce.

Leslie Sr. filed a memorandum in opposition to Leslie Jr.'s renewed motion to enforce, contending that, after "successfully defraud[ing]" the State of Hawai'i out of settlement funds, Leslie Jr. could not now argue that the kickback scheme could no longer be against public policy.

In his reply to Leslie Sr.'s opposition, Leslie Jr.

11

argued in part that there was no legal or equitable basis for allowing Leslie Sr. to retain the portion that was supposed to be kicked back because the DHS lien had been satisfied.

The circuit court held a hearing on Leslie Jr.'s renewed motion to enforce on January 11, 2013. At the hearing, Leslie Jr. argued that the kickback agreement no longer had any fraudulent effect because the lien had been satisfied, and that the kickback agreement should therefore be revisited.

The circuit court filed its order denying Leslie Jr.'s renewed motion to enforce on February 1, 2013.[6] The court found that nothing during the intervening period changed the court's August 22, 2001 finding that the agreement constituted an informal kickback scheme. The court also decided that relief was not warranted under either HRCP Rule 60(b)(5) or (6), which are both "extraordinary" remedies.

## E. Leslie Jr.'s Appeal to the ICA

On March 4, 2013, Leslie Jr. filed a notice of appeal, appealing from (1) the 2012 Order Setting Aside and (2) the

---

[6] The circuit court's February 1, 2013 order also denied Leslie Jr.'s December 9, 2010 motion to enforce. However, the circuit court previously ruled on Leslie Jr.'s motion to enforce on February 18, 2011 and entered final judgments pursuant to this order on May 18, 2011. Although Leslie Sr. could have appealed the final judgment, as discussed supra, Leslie Sr. filed a motion to set aside pursuant to HRCP Rule 60. Therefore, the circuit court's denial of Leslie Jr.'s motion to enforce in its February 1, 2013 order was superfluous. See Ditto v. McCurdy, 103 Hawai'i 153, 159-60, 80 P.3d 974, 980-81 (2003) (finding that the time for appealing matters conclusively decided by an order commenced upon entry of the order, not upon entry of the superfluous judgment on the order). Leslie Jr.'s November 26, 2012 Renewed motion to enforce did not resurrect his previous mtion to enforce, and thus Leslie Jr.'s December 9, 2010 motion to enforce was not before the circuit court when it entered its February 1, 2013 order.

12

February 1, 2013 order denying Leslie Jr.'s motion to enforce and renewed motion to enforce. Leslie Jr. argued that the circuit court erred in entering the 2012 Order Setting Aside because Leslie Sr. had not filed his motion within a reasonable time, and Leslie Sr.'s failure to oppose the motion constituted inexcusable neglect. Leslie Jr. further argued that the court erred in denying the motion to enforce.

On August 6, 2015, the ICA issued its SDO reversing the 2012 Order Setting Aside. The ICA determined that "[t]he conduct of [Leslie Sr.'s] counsel appears to be the result of mere carelessness, which he did not seek to remedy until nearly a full year after the subject order was entered." It concluded that Leslie Sr.'s failure to oppose the original motion to enforce was "inexcusable neglect which did not warrant relief under HRCP Rule 60(b)(1)," and that the circuit court abused its discretion in granting Leslie Sr.'s motion to set aside. Based on these conclusions, the ICA held that Leslie Jr.'s renewed motion to enforce was moot and vacated the circuit court's February 1, 2013 order denying this motion. Thus, the 2011 order granting Leslie Jr.'s motion to enforce the kickback allocation was reinstated. In light of its conclusions, the ICA did not reach the question of whether the circuit court erred in entering the order denying Leslie Jr.'s renewed motion to enforce.

On August 31, 2015, Leslie Jr. filed a request with the

13

ICA for appellate costs and attorneys' fees. Leslie Jr. sought to be reimbursed for costs in the amount of $300 and for attorneys' fees in the amount of $7,463.50. Leslie Sr. opposed Leslie Jr.'s request for attorneys' fees and costs. On September 23, 2015, the ICA issued an order denying the request for attorneys' fees and granting the request for costs in the amount of $300.

On November 3, 2015, the ICA entered judgment pursuant to its SDO and its order denying the request for attorneys' fees and granting the request for costs.

## F. Leslie Sr.'s Application for Certiorari

Leslie Sr. timely filed his application for writ of certiorari on December 31, 2015. He presents two questions:

1. Whether the ICA erred when it determined in its August 6, 2015 Summary Disposition Order that the Circuit Court abused its discretion in ruling that Petitioner-Plaintiff-Appellee's failure to oppose a Motion to Enforce an illegal kickback scheme was excusable neglect.

2. Whether the terms of a 1997 written settlement agreement entered into by all three Plaintiffs and Defendant can be reversed by one Plaintiff's 2010 Motion to Enforce a contradictory alternate oral kickback scheme which was previously ruled illegal and unenforceable by the Circuit Court and the ICA.

## II. STANDARD OF REVIEW

An order denying a motion for relief from a judgment made pursuant to HRCP Rule 60(b) is reviewed on appeal under the abuse of discretion standard. Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994). "[T]o constitute an

14

abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

## III.  DISCUSSION

We conclude that Leslie Jr.'s appeal from the circuit court's order granting Leslie Sr.'s motion to set aside was untimely, and that the ICA lacked jurisdiction to consider this appeal.  We also conclude that the circuit court did not abuse its discretion when it denied Leslie Jr.'s renewed motion to enforce.

**A.  Leslie Jr.'s Appeal of the Circuit Court's July 27, 2012 Order Granting Leslie Sr.'s Motion to Set Aside Was Untimely, and the ICA Lacked Jurisdiction to Hear Leslie Jr.'s Appeal of This Order**

We find that the ICA lacked jurisdiction to hear Leslie Jr.'s appeal of the circuit court's 2012 order granting Leslie Sr.'s motion to set aside.  We therefore vacate the portion of the ICA's November 3, 2015 judgment on appeal reversing the 2012 Order Setting Aside, and reinstate the 2012 Order Setting Aside.

"[C]ompliance with the requirement of the timely filing of a notice of appeal is jurisdictional."  Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).  An appellate court is obliged to ensure that it has jurisdiction to hear and determine

15

each case before it, and to sua sponte dismiss an appeal when it lacks jurisdiction. Id. A judgment rendered by a court without subject matter jurisdiction is void, and questions about subject matter jurisdiction may be raised at any stage of the case. Bush v. Hawaiian Homes Comm'n, 76 Hawaiʻi 128, 133, 879 P.2d 1272, 1277 (1994).

The jurisdiction of appellate courts over civil appeals is limited to review of "final judgments, orders, or decrees." Hawaiʻi Revised Statutes (HRS) § 641-1(a) (1993). Post-judgment orders are appealable final orders under HRS § 641-1(a) "if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi at 157, 80 P.3d at 978 (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

In Ditto v. McCurdy, the circuit court entered a garnishee order against the Defendants in September 1998. Id. at 156, 80 P.3d at 977. In May 1999, this court reversed the garnishee order, and on November 16, 1999, the Defendants moved for return of garnished funds and for attorneys' fees and costs. Id. On March 24, 2000, the circuit court granted the motion as to the garnished funds and costs, but denied the motion as to attorneys' fees. Id. On September 28, 2000, the circuit court entered a "Final Judgment on Collateral Issue" based on its

16

March 24, 2000 order. Id. On October 30, 2000, the Plaintiff filed a notice of appeal from the March 24, 2000 order and September 28, 2000 judgment. Id. at 157, 80 P.3d at 978. This court held that the March 24, 2000 order was an appealable order because it disposed of all issues raised in the November 16, 1999 motion and ended the post-judgment proceeding. Id. This court further held that, because HRCP Rule 58's separate document rule applies only "to circuit court orders disposing of claims raised in a circuit court complaint," the September 28, 2000 judgment was "superfluous," and the time for appealing the issues conclusively decided in the March 24, 2000 order commenced upon entry of that order. Id. at 159-60, 80 P.3d at 980-81 (emphasis in original). Therefore, this court held that the Plaintiff's October 30, 2000 notice of appeal was untimely, and sua sponte dismissed the appeal of the March 24, 2000 order and September 28, 2000 judgment for lack of jurisdiction. Id. at 160, 80 P.3d at 981.

Meanwhile, on October 9, 2000, the Plaintiff in Ditto v. McCurdy filed a motion to set aside the September 28, 2000 judgment pursuant to HRCP Rule 60(b). Id. at 156-57, 80 P.3d at 977-78. The circuit court denied this motion on November 20, 2000. Id. at 157, 80 P.3d at 978. This court held that an "order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)."

17

Id. at 160, 80 P.3d at 981.[7]  This court found that the Plaintiff's December 20, 2000 notice of appeal from the November 20, 2000 order was timely.[8]  Id. at 161, 980 P.3d at 982.

Here, the circuit court's 2012 order granting Leslie Sr.'s motion to set aside disposed of all issues raised in Leslie Sr.'s February 13, 2012 motion to set aside, and ended the post-judgment proceeding regarding the 2011 Final Judgment entered against Leslie Sr.  The circuit court's 2012 Order Setting Aside granted all relief requested in Leslie Sr.'s February 13, 2012 motion to set aside, leaving nothing further to be accomplished with regard to that motion, and was therefore final.  Accordingly, the 2012 Order Setting Aside was appealable under HRS § 641-1(a).  See id. at 158, 80 P.3d at 979.

Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1) (2016) provides in relevant part:  "TIME AND PLACE OF FILING.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."

---

[7]  In Bailey v. Duvauchelle, this court held that an order denying an HRCP Rule 60(b) motion was not appealable because the underlying ruling the motion sought to vacate was not appealable.  135 Hawaiʻi 482, 488, 353 P.3d 1024, 1030 (2015).  We note that the instant case differs from Bailey v. Duvauchelle in that Leslie Sr.'s motion to set aside sought relief from the 2011 order granting Leslie Jr.'s motion to enforce and 2011 Final Judgment, which were appealable orders under HRS § 641-1(a).

[8]  Although this court concluded that the time for appeal began on entry of the March 24, 2000 order, it found that because HRCP Rule 60(b) allowed the Plaintiff one year to bring a motion to set aside based on new evidence, the circuit court had authority to hear the Plaintiff's October 9, 2000 motion to set aside.  Id. at 981, 80 P.3d at 981.

In this case, the circuit court issued an order granting Leslie Sr.'s motion to set aside the order granting Leslie Jr.'s motion to enforce on July 27, 2012. Leslie Jr. did not file a notice of appeal regarding the 2012 Order Setting Aside until March 4, 2013. Leslie Jr.'s notice of appeal was therefore untimely. See HRAP Rule 4(a)(1).

In his appeal to the ICA, Leslie Jr.'s statement of jurisdiction acknowledged that the 2012 Order Setting Aside had the effect of setting aside the 2011 order granting Leslie Jr.'s motion to enforce as it pertained to Leslie Sr. as well as the 2011 Final Judgment against Leslie Sr. Despite this, Leslie Jr. argued:

> The Order Setting Aside did not dispose of Leslie Jr.'s original Motion to Enforce as it pertained to Leslie Sr., however. It simply set aside the Order Granting Motion to Enforce as that order pertained to Leslie Sr. and set aside the Final Judgment against Leslie Sr. It was therefore preliminary and led up to the Order Denying Motion to Enforce entered on February 1, 2013.

We reject Leslie Jr.'s argument. Leslie Sr.'s motion to set aside requested that the circuit court enter an order setting aside the 2011 order granting Leslie Jr.'s motion to enforce as well as the 2011 Final Judgment entered against Leslie Sr. The motion to set aside was filed solely by Leslie Sr.; Fresch did not file a corresponding motion. The circuit court's 2012 order granting Leslie Sr.'s motion to set aside expressly set aside both the 2011 order granting Leslie Jr.'s motion to

19

enforce and the 2011 Final Judgment as they pertained to Leslie Sr. As in Ditto v. McCurdy, the circuit court's 2012 Order Setting Aside disposed of all issues raised in Leslie Sr.'s motion to set aside, and was therefore an appealable order. See Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979. As in Ditto v. McCurdy, where the order denying an HRCP Rule 60(b) motion for post-judgment relief was an appealable final order, here the 2012 order granting Leslie Sr.'s HRCP Rule 60(b) motion to set aside was an appealable final order. See id. at 160, 80 P.3d at 981.

Thus, the ICA did not have jurisdiction to hear or act on Leslie Jr.'s appeal of the July 27, 2012 Order Setting Aside, and we vacate the portion of the ICA's November 3, 2015 judgment on appeal pertaining to the July 27, 2012 Order Setting Aside and reinstate the July 27, 2012 Order Setting Aside.

## B. Leslie Jr.'s Renewed Motion to Enforce Was Properly Denied by the Circuit Court Because Enforcement of the Kickback Scheme Would Have Violated Public Policy

Leslie Jr.'s March 4, 2013 notice of appeal also appealed the circuit court's February 1, 2013 order denying Leslie Jr.'s renewed motion to enforce. The notice of appeal was timely with respect to this post-judgment order, and this court has jurisdiction to review issues "within the parameters" of this order. See Indep. Mortg. Trust v. Dolphin, Inc., 57 Haw. 554, 556, 560 P.2d 488, 489-90 (1977) (finding that although the notice of appeal was untimely with respect to one aspect of the

20

appeal and the court lacked jurisdiction to review this aspect, the notice of appeal was timely with respect to two post-judgment orders, and the court had appellate jurisdiction to review issues concerning the post-judgment orders).

The circuit court did not abuse its discretion when it declined to enforce the kickback agreement because "no court will lend its aid to one who founds a cause of action upon an immoral or illegal act[.]" United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 42 (1987). As the ICA explained in Inlandboatmen's Union, we have "recognized the general common law doctrine that a court may refuse to enforce contracts that violate law or public policy." 77 Hawaiʻi at 194, 881 P.2d at 1262; Aiea Lani Corp. v. Haw. Escrow & Title, Inc., 64 Haw. 638, 646, 647 P.2d 257, 263 (1982) (contract that provided for illegal kickbacks was unenforceable); see also Wilson v. Kealakekua Ranch, Ltd., 57 Haw. 124, 128, 551 P.2d 525, 528 (1976) ("Illegal contracts are generally unenforc[ea]ble." (citation and internal quotation marks omitted)).

Other jurisdictions provide guidance on what constitutes "public policy." Public policy can be "expressed by . . . statute[,] administrative regulation[,] judicial decision[,] the common law[,] . . . long governmental practice[, or] obvious ethical or moral standards[.]" 17A Am. Jur. 2d, Contracts § 235 (2017) (citations and formatting omitted). "The

21

underlying inquiry when determining whether a contract violates public policy is whether the contract has a tendency to be against the public good, or to be injurious to the public." LK Operating, LLC v. Collection Grp., LLC, 331 P.3d 1147, 1164 (Wash. 2014) (internal quotation marks omitted).

Here, the record strongly supports the circuit court's conclusion that "[t]he sole reason for this kickback scheme was to reduce the amount of settlement proceeds ostensibly available to [Leslie Jr.] to satisfy the State's lien rights."[9] This attempt to avoid the State's lien implicates "obvious ethical or moral standards[,]" and it would be inappropriate for the circuit court to reward Leslie Jr. for his efforts. Thus, the circuit court's refusal to enforce a contract that it believed to be against public policy is well supported by legal authority.

Moreover, HRS § 346-37,[10] entitled "Recovery of payments and costs of medical assistance," provides the mechanism for DHS

---

[9] Leslie Jr.'s former attorney "testified that the distribution was designed to maximize [Leslie Jr.'s] financial recovery." Furthermore, the circuit court found that "[t]he evidence is overwhelming" that Leslie Sr. and Fresch "were trying to do [Leslie Jr.] a favor" by helping him avoid his DHS lien.

[10] HRS § 346-37(c) (Supp. 2012) provides:

> If the department has provided medical assistance or burial payment to a person who was injured, suffered a disease, or died under circumstances creating a tort or other liability or payment obligation against a third person, the department shall have a right to recover from the third person an amount not to exceed the full amount of the costs of medical assistance or burial payment furnished or to be furnished by the department.

to recover its long-term medical assistance through liens.
Leslie Sr.'s argument that the kickback scheme "hasn't become
proper" despite the fact that the State is no longer actively
seeking payment of its lien from Leslie Jr. is persuasive.  The
State of Hawaii's public policy does not tolerate a lienee
attempting to settle to avoid a government lien.[11]  If Leslie Jr.
had not entered into his workers' compensation settlement, then
DHS would likely still be trying to recover funds owed to it by
Leslie Jr.  The fact that DHS no longer has an interest in Leslie
Jr.'s settlement funds does not change the original purpose of
the kickback scheme.  Thus, the circuit court did not abuse its
discretion when it declined to enforce the kickback scheme and
denied Leslie Jr.'s renewed motion to enforce the original

---

[11]     HRS § 346-37(f) provides in relevant part:

> If liability is found to exist, or if the issue of
> third-party liability is settled or compromised
> without a finding of liability, regardless of who
> institutes legal proceedings or seeks other means of
> recovering, the department shall have a right to
> recover up to the full amount of the costs of medical
> assistance or burial payment made from a settlement,
> award, or judgment.  To aid in the recovery of the
> costs, the department shall have a first lien for up
> to the full amount of the costs of medical assistance
> or burial payment made against the proceeds from
> damages recovered in a settlement, award, or judgment.

> If the department has provided medical assistance or
> burial payment to a person who was injured, suffered a
> disease, or died under circumstances creating a tort
> or other liability or payment obligation against a
> third person, the department shall have a right to
> recover from the third person an amount not to exceed
> the full amount of the costs of medical assistance or
> burial payment furnished or to be furnished by the
> department.

23

settlement.

## IV.  CONCLUSION

For the foregoing reasons, we conclude that the ICA lacked jurisdiction to hear Leslie Jr.'s appeal of the circuit court's July 27, 2012 order granting Leslie Sr.'s motion to set aside, and that the circuit court did not abuse its discretion when it denied Leslie Jr.'s renewed motion to enforce. Accordingly, the ICA's November 3, 2015 judgment on appeal is vacated, and the circuit court's July 27, 2012 Order Setting Aside is reinstated.  The circuit court's February 1, 2013 order denying Leslie Jr.'s renewed motion to enforce is affirmed.  The portion of the ICA's judgment on appeal granting Leslie Jr.'s request for appellate costs is vacated, and the ICA's denial of Leslie Jr.'s request for appellate attorneys' fees is affirmed.

DATED:  Honolulu, Hawaiʻi, June 30, 2017.

Paul R. Grable
for petitioner

Frederick W. Rohlfing III
for respondent
Howard K. Leslie, Jr.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Derrick H.M. Chan

