**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000468
17-APR-2026
07:58 AM
Dkt. 116 SO**

NO. CAAP-23-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST,
Plaintiffs/Counterclaim Defendants/
Third Party Defendants-Appellees, v.
HAWAIIAN RIVERBEND, LLC,
Defendant/Counterclaimant/Third Party
Complainant-Appellant,
and
MICHAEL MIROYAN, Defendant-Appellant,
and
COUNTY OF HAWAII, Defendant-Appellee,
and
KENNETH Y. KAI and TAE K. KAI as individuals,
Third Party Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE ENTITIES 1-10 AND DOE
GOVERNMENTAL ENTITIES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC15100164K)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Leonard and Wadsworth, JJ.)

Defendant-Appellant Michael Miroyan (**Miroyan**), self-represented, appeals from the March 24, 2026 *Second Amended Final Judgment* (**Judgment**) entered in favor of Plaintiffs/Counterclaim Defendants/Third Party Defendants-Appellees Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust and Third Party Defendants-Appellees Kenneth Y. Kai and Tae K. Kai, as individuals (together, the **Kai Trust**), and against Defendant-

Counterclaimant-Third Party Complainant-Appellant Hawaiian Riverbend, LLC (**Hawaiian Riverbend**)[1] and Miroyan, by the Circuit Court of the Third Circuit.[2] Miroyan also challenges the Circuit Court's July 5, 2023 *Order Granting [the Kai Trust's] Motion for Confirmation of Foreclosure Sale, for Distribution of Proceeds, for Allowance of Fees and Costs, and for Writ of Possession, Filed January 31, 2023* (**Confirmation Order**).

We affirmed the underlying foreclosure decree and judgment in <u>Kai, Trs. of Kai Family 1998 Tr. v. Hawaiian Riverbend, LLC</u>, No. CAAP-19-0000742, 2024 WL 1599125 (Haw. App. Apr. 12, 2024) (SDO). Miroyan now raises four points of error in his appeal from the Judgment.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Miroyan's contentions as follows.

(1) and (2) Miroyan's first two points of error overlap. He first contends that the Circuit Court "confirmed the foreclosure sale in an amount many millions of dollars below true value, which was so grossly inadequate that it should surely shock the conscience of any court as a clear abuse of discretion . . . ." Miroyan next contends that the Circuit Court "confirmed the foreclosure sale in a virtually zero overbid amount, hundreds of thousands of dollars below the ordinary 5% overbid requirement in Hawaii Circuit Courts, as a clear abuse of discretion . . . ."

The record reflects the following relevant background. The Circuit Court appointed Andrew M. Kennedy as **Commissioner** to sell the subject property (**Property**). On December 19, 2022, he filed his Commissioner's Report (**Report**). Regarding the sale, the Report stated: (1) the auction was held on November 28,

---

[1] By order of this court entered on January 3, 2024, Hawaiian Riverbend was dismissed as a party to this appeal *nunc pro tunc* to December 19, 2023.

[2] The Honorable Wendy M. DeWeese presided. Miroyan originally appealed from the July 5, 2023 Final Judgment. Pursuant to this court's March 16, 2026 Second Order for Temporary Remand, the Circuit Court entered the March 24, 2026 Judgment. Miroyan's notice of appeal is deemed to appeal from the latter Judgment. <u>See</u> Hawai'i Rules of Appellate Procedure Rule 4(a)(2).

2022; (2) the Kai Trust and two other persons were present and showed an ability to pay; (3) the Kai Trust made an opening credit bid of $1,914,014.62 (which appears to have been the high bid); and (4) this price was "fair and reasonable given the Hawaii Real Property Tax Office online records which indicate . . . the total taxable value for the property, the interest shown in the property, and the number of bidders who appeared at and participated in the auction." (Footnote omitted.) Regarding the price, the Report further explained: (a) the Property's taxable value was $658,000.00 in December 2018; (b) after the Property's zoning changed from agricultural to commercial, its taxable value was $3,810,400.00 as of December 16, 2022; and (c) a letter from the County of Hawaiʻi filed in Hawaiian Riverbend's earlier bankruptcy case[3] indicated that the zoning for the Property would revert back to agricultural on March 13, 2023.

On January 31, 2023, the Kai Trust filed its motion for confirmation of the foreclosure sale (**Confirmation Motion**). On February 28, 2023, the Kai Trust filed a supplemental supporting document – a broker price opinion concluding that the fair market value of the Property was $2,000,000.00 as of February 23, 2023.

The Confirmation Motion was heard on April 21, 2023 (**Confirmation Hearing**). At that time, bidding was reopened, and John M. Rita on behalf of MMM88, LLC bid $1,914,015.00. The court granted the Confirmation Motion in part and confirmed the "high bid" in that amount, finding it "is a fair and equitable price as well as the highest and best price based on the credible evidence before this Court today and based on current market conditions." The court also noted that there was an approximate debt due of about $1.4 million.

On May 23, 2023, Miroyan filed the "Miroyan Defendants' Objections to Kai Plaintiffs' Fee and Cost Application" (**Objections**).

On July 5, 2023, the Circuit Court entered the Confirmation Order, finding in relevant part that "the winning

_____

[3] The bankruptcy case was dismissed by an October 11, 2022 order of the United States Bankruptcy Court for the Northern District of California.

bid amount is proper, and the price is fair, reasonable, and equitable, and as high as any that can be obtained under the circumstances."

Regarding his first point of error, Miroyan appears to argue that: (1) the Commissioner failed to certify the winning bid on the Property as fair and reasonable "as Hawaii foreclosure law requires"; (2) the Kai Trust ignored the Property's tax assessed value of $3,810,400.00 (as of December 16, 2022); and (3) Miroyan allegedly received a $5.5 million offer to buy the Property on October 20, 2022.

"The lower court's authority to confirm a judicial sale is a matter of equitable discretion." U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills, 150 Hawaiʻi 573, 581, 506 P.3d 869, 877 (App. 2022) (quoting Hoge v. Kane II, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983)). "In exercising its discretion, the court should act in the interest of fairness and prudence and with a just regard for the rights of all concerned and the stability of judicial sales." Brent v. Staveris Dev. Corp., 7 Haw. App. 40, 45, 741 P.2d 722, 726 (1987) (quoting Hoge, 4 Haw. App. at 540, 670 P.2d at 40). Courts may deny the confirmation of a sale when the highest bid is "so grossly inadequate as to shock the conscience." Indus. Mortg. Co., L.P. v. Smith, 94 Hawaiʻi 502, 510, 17 P.3d 851, 859 (App. 2001) (quoting Hoge, 4 Haw. App. at 540, 670 P.2d at 40); see HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 48, 464 P.3d 821, 836 (2020) (recognizing the trial court's discretion with regard to the sale and confirmation of sale of a foreclosed property).

Miroyan cites no Hawaiʻi authority requiring a court-appointed commissioner to certify the winning bid in a foreclosure sale as fair and reasonable, and we have found none. The issue is whether the Circuit Court abused its discretion in confirming the sale. See supra. We conclude that it did not.

Miroyan's reliance on the tax assessed value of the Property as of December 16, 2022, is misplaced. The evidence in the record shows that the Property's commercial zoning status was due to expire on March 13, 2023, which means that in the absence of contrary evidence, the Property had reverted to agricultural

zoning as of the date of the Confirmation Hearing.[4/]  Even assuming the Property could be used for residential development, the broker price opinion indicated that its market value was $2,000,000.  Miroyan points to no contrary evidence of the Property's then-present value that was before the Circuit Court prior to the Confirmation Hearing.  It appears that several weeks later, when he filed his Objections, Miroyan submitted a copy of an alleged $5.5 million offer to buy the Property.  The alleged offer, however, was dated October 20, 2022, *i.e.*, when the Property was still zoned commercial, and was "contingent upon Bankruptcy Court's acceptance of the enclosed [purchase and sale agreement] and terms."  Given the Property's zoning status at the time of the Confirmation Hearing, the broker price opinion showing the fair market value of $2 million as of February 23, 2023, and the number of bidders who appeared at the auction and bid on the Property, we cannot conclude that the sale price was "so grossly inadequate as to shock the conscience."  Indus. Mortg. Co., 94 Hawaiʻi at 510, 17 P.3d at 859 (quoting Hoge, 4 Haw. App. at 540, 670 P.2d at 40).

Relatedly, in his second point of error, Miroyan asserts that the Circuit Court confirmed the foreclosure sale for an overbid amount "hundreds of thousands of dollars below the ordinary 5% overbid requirement . . . ."  He cites no supporting authority for this purported "requirement," and we have found none.

In Brent, this court ruled that the trial court did not abuse its discretion when, at a hearing to confirm the sale of foreclosed property, it rejected the highest auction bid for the property, entertained further bids in open court, and confirmed the sale to the highest bidder at the confirmation hearing.  7 Haw. App. at 45-46, 741 P.2d at 726-27.  We considered the following factors:  (1) "[i]n dealing with the problem of a conflict between the court's obligation to maintain the stability and purpose of the judicial sale and its duty to obtain the

---

[4/]     In its answering brief, Defendant-Appellee County of Hawaiʻi (**County**) confirms that the conditional change in zoning for the Property from agricultural to commercial land "lapsed on March 13, 2023."

highest possible price . . . a certain amount of judicial discretion is necessarily vested in the court to shield and promote justice under all circumstances"; (2) "[a] successful bidder at a public auction is not vested with any interest in the land until the sale has been confirmed by the court"; (3) "a bid advancing the purchase price and made before confirmation of the auction sale, which is not merely nominal but is substantial and material, may form the basis for the proper exercise of judicial discretion in directing a resale or reopening the bidding"; and (4) "[i]n effect, the commissioners left the auction open for more bids right up to the confirmation hearing and, in essence, the lower court merely kept the auction going." Id. (internal quotation marks and citations omitted); see Sugarman v. Kapu, 104 Hawaiʻi 119, 122, 85 P.3d 644, 647 (2004) (applying these considerations in evaluating the circuit court's discretion to reopen bidding after public auction of partitioned property).

Here, the Circuit Court explained its reasoning in reopening bidding as follows:

> [T]he Court is inclined, as it is a Court sitting in equity, to, since it wasn't specified in the [foreclosure] judgment, to allow bidding to reopen at any amount over what is currently bid[,] in light of the fact that any amount over the current high bid would benefit Mr. Miroyan and any other potential borrowers in the case.
>
> So I'm not going to –– or I'm not inclined to set a percentage or dollar amount. I will just simply, [Commissioner], allow you to solicit additional bids if they are over and above the current high-bid amount . . . .

The then-current high bidder, the Kai Trust, had no objection to proceeding in this manner, and Miroyan made no argument that an overbid of at least 5% was required. In effect, the court merely kept the auction going. Although the overbid was not substantial, it appears that the high bidder at auction had no objection to losing the bid. And the higher price that was obtained at least marginally, though clearly not materially, increased the amount from which debts could be paid.

On this record, we conclude that the Circuit Court did not abuse its discretion in reopening bidding and confirming the resulting sale price.

(3) Miroyan contends that "Judge DeWeese . . . , having contemporaneously recused herself to avoid according to her written statement the appearance of bias while presiding over another ongoing case in which I am a party, Judge DeWeese was equally disqualified from presiding over the contemporaneous foreclosure case below in which I am similarly a party . . . ."

"Decisions on recusal or disqualification present perhaps the ultimate test of judicial discretion and should thus lie undisturbed absent a showing of abuse of that discretion." State v. Ross, 89 Hawaiʻi 371, 375, 974 P.2d 11, 15 (1998).

> Judges are disqualified when they "have a personal bias or prejudice either against the party or in favor of any opposite party to the suit." HRS § 601-7(b) (2016). Judges may also be disqualified if "circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on the judge's impartiality." State v. Brown, 70 Haw. 459, 467 n.3, 776 P.2d 1182, 1188 n.3 (1989) (emphases omitted)). "The test for disqualification due to the 'appearance of impropriety' is an objective one, based not on the beliefs of the petitioner or the judge, but on the assessment of a reasonable impartial onlooker apprised of all the facts." Ross, 89 Hawaiʻi at 380, 974 P.2d at 20.

State v. Walter, 156 Hawaiʻi 65, 77, 569 P.3d 1249, 1261 (2025) (brackets and ellipses omitted); see Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawaiʻi 1, 11-12, 496 P.3d 479, 489-90 (App. 2021) (applying the two-part analysis).

Miroyan first sought Judge DeWeese's recusal at the Confirmation Hearing, as follows:

> I'd like to put on the record that I have received a letter from you recusing yourself from all of my cases, except for the case that you're handling as a foreclosure of my home, which is Case Number 385.
>
> That is the foreclosure of my property located at 62-2280 Kanehoa Street. And therefore this Court's confirmation should not proceed. You cannot proceed to confirm the sale of this, at this Court confirmation hearing, pursuant to Hawaii law.
>
> I request, your Honor, to honor her prior recusal of yourself and request to refer this confirmation hearing to another Judge. Failure to do so will violate due process of law.

Judge DeWeese responded:

> The Court notes there has been nothing filed by Mr. Miroyan. I have no information about some letter that I allegedly sent him recusing myself. None of that is in the

7

record. Mr. Miroyan has not made the Court aware of that in this alleged letter. This was brought up at the last hearing on his other case. I still haven't seen it.

Later during the Confirmation Hearing, Judge DeWeese clarified:

So before we go any further, I will just address the issue that Mr. Miroyan has so vociferously raised, that somehow I sent him a letter recusing myself in his cases.

I think I have figured out what he is referring to. So I just will say for the record that in case 3CCV-22-218, it's a case in which Mr. Miroyan is suing Judge Robert D.S. Kim, who is my supervisor and colleague. And I recused myself from that case, not because of Mr. Miroyan, but because of my relationship with Judge Kim.

And so Mr. Miroyan is not the basis for me recusing myself. It was because it is -- my relationship with one of the defendants that caused me to recuse myself in that case.

On appeal, Miroyan points to nothing else in support of his recusal argument. On this record, he has failed to show that Judge DeWeese has a personal bias or prejudice either against him or in favor of the Kai Trust or the County. He also has not shown that a reasonable impartial onlooker apprised of all the facts would perceive as materially impaired Judge DeWeese's ability to carry out her judicial responsibilities in this case with integrity, impartiality and competence. See Kondaur Cap. Corp., 150 Hawaiʻi at 21-22, 496 P.3d at 499-500. Miroyan's contention is without merit.

(4) Miroyan contends that the Circuit Court erred in entering the Judgment under Hawaiʻi Rules of Civil Procedure Rule 58 "where there were corresponding, conflicting claims, specifically my counterclaims with a jury trial demand, remaining unadjudicated . . . ." He describes these counterclaims as "intertwined with" the Kai Trust's foreclosure claim, "seeking corresponding relief against [it.]"

The Judgment reflects the entry of final judgment in favor of the Kai Trust on its foreclosure claim and the dismissal with prejudice of Hawaiian Riverbend's counterclaims and third-party complaint. Inasmuch as the counterclaims and third-party complaint were "intertwined" with the foreclosure claim, it appears the Court effectively denied them. See Independence Mortg. Tr. v. Dolphin, Inc., 57 Haw. 554, 555, n.1, 560 P.2d 488,

8

489 n.1 (1977).

In any event, the counterclaims that Miroyan identifies in his Opening Brief, as well as the third-party complaint, were asserted by Hawaiian Riverbend, not Miroyan. Miroyan was not authorized to represent Hawaiian Riverbend in this appeal, and it was dismissed as a party. See supra note 1. Any argument challenging the Judgment with respect to Hawaiian Riverbend's counterclaims has been waived.

For the reasons discussed above, the July 5, 2023 *Order Granting Plaintiff's Motion for Confirmation of Foreclosure Sale, for Distribution of Proceeds, for Allowance of Fees and Costs, and for Writ of Possession, Filed January 31, 2023*, and the March 24, 2026 *Second Amended Final Judgment* are affirmed.

DATED: Honolulu, Hawaiʻi, April 17, 2026.

On the briefs:

Michael Miroyan,
Self-represented Defendant-
Appellant.

Michael C. Carroll,
Matthew C. Shannon, and
Sharon Paris
(Lung Rose Voss & Wagnild)
for Plaintiffs/Counterclaim
Defendants/Third Party
Defendants-Appellees

Michelle S. Ahn and
E. Britt Bailey,
Deputies Corporation Counsel,
County of Hawaiʻi,
for Defendant-Appellee County
of Hawaiʻi

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge